CARTER and another vs. SMITH and another.

*Garnishment and attachment — Election of remedies.*

After recovering a judgment in garnishment against A, as purchaser of certain goods from B., the creditor of B. cannot attach the goods on the ground that the sale to A. was fraudulent.

APPEAL from the Circuit Court for *Winnebago* County.

Action for the wrongful taking and conversion by defendants of a quantity of logs. On the 9th of May, 1867, one Cunningham, being indebted to plaintiffs, executed to them a bill of sale of said logs, valued at $6,000. This sum exceeding the amount of plaintiffs' demands against Cunningham by $833.33, they gave him their note for $800, and the remainder, $33.33, was left standing on account. On the same day, Chapman & Danforth commenced a suit against Cunningham upon contract, garnished the plaintiffs, and subsequently in the garnishee proceedings recovered judgment against them for said sum of $33.33. Simultaneously with the commencement of these pro-

ceedings, Chapman & Danforth also sued out a writ of attachment against the property of Cunningham, and on the 15th of May the defendants, as sheriff and deputy sheriff, on this writ took said logs from the possession of the plaintiffs, and afterward sold them on execution to satisfy the judgment obtained by Chapman and Danforth against Cunningham. On the trial of this cause, defendants insisted that the bill of sale from Cunningham to plaintiffs was fraudulent as to other creditors. The court, however, instructed the jury in substance, that Chapman & Danforth, by their proceedings in garnishment, were estopped from denying the validity of plaintiffs' purchase.

Verdict and judgment for plaintiffs; and defendants appealed.

*C. Coolbaugh,* for appellants.

*Gabe Bouck* and *Jackson & Hawley,* for respondents, in support of the instruction given, cited *Bank of Beloit v. Beale,* 20 How. Pr. R. 331; *Lloyd v. Brewster,* 4 Paige, 537; *Allen v. Roosevelt,* 14 Wend. 100; *Geisse v. Beall,* 3 Wis. 367; *Weed v. Page,* 7 id. 503; *Hendricks v. Goodrich,* 15 id. 689.

COLE, J. This case must turn upon the correctness of the seventh and eighth instructions given the jury at the request of the plaintiffs. For it is very apparent, if the proposition of law involved in those instructions be sound, then the other questions in the case become immaterial, and the judgment must be affirmed. That proposition is, in substance, that if a person recovers judgment in a garnishee proceeding against the purchaser of property for any portion of the consideration money, he cannot afterward proceed and treat the sale as void. In this case it appears that Chapman and Danforth have garnished the plaintiffs as debtors of Cunningham, and have recovered judgment against them for the balance due on the logs, and they likewise seek to hold the logs on their attachment as the property of Cunningham, because the sale by the latter to the plaintiffs was fraudulent and void as to creditors.

Now, the question is, can they maintain these inconsistent positions in regard to that sale; at one moment affirming it to be valid, by proceeding to recover the consideration money of the purchaser, and then afterward saying that the sale is void as to creditors, and holding the property as belonging to the vendor? It seems to us that Chapman & Danforth cannot maintain these inconsistent positions, and that by obtaining judgment against the plaintiffs in the garnishee proceeding, they must be deemed to have elected to treat the sale of the logs by Cunningham to the plaintiffs as a valid sale. The transaction, in principle, is quite analogous to that between the vendor and vendee, where the latter, by fraud, induces the former to sell and deliver goods upon credit. It is a familiar rule of law, that if the vendor in such a case, with full knowledge of the fraud, sues the vendee upon the contract of sale and recovers judgment, he cannot, in a subsequent action based upon the fraud, pursue the goods or their proceeds, either in the hands of such vendee or a third person. See *Lloyd v. Brewster*, 4 Paige, 540. So where, upon a sale of goods for cash, the vendee took possession, but failed to make payment, and the vendor obtained a redelivery of the goods by replevin, this was held to be a disaffirmance of the sale, and that a subsequent action for the price of the goods was extinguished. For where the vendor elected to pursue the one remedy, his right to follow the other remedy was forever gone. *Morris v. Rexford*, 18 N.Y. 552; *Bank of Beloit v. Beale*, 11 Abb. 375 ; *Bank of Beloit v. Beale and Adams*, 20 How. Pr. R. 331. The case of *Wadsworth v. Marsh*, 9 Conn. 481, sustains the position that Chapman and Danforth might recover the consideration money of the purchasers of the logs upon the garnishee proceeding, and afterward avoid the sale because fraudulent and void as to creditors. But it seems to us far more rational and just to hold that they had their election, either to treat the sale as void and attach the logs as the property of their debtor, Cunningham, or to garnishee

the purchase money from the plaintiffs thereby affirming the validity of the sale. They cannot, however, do both of these things. " The remedies are not concurrent, and the choice between them once being made, the right to follow the other is forever gone." COMSTOCK, J., in *Morris v. Rexford, supra.* The law would indeed tolerate an absurdity, if it permitted Chapman and Danforth to seize and hold the logs as the property of Cunningham, after they had recovered judgment against the plaintiffs as debtors of Cunningham, for these very logs.

It follows from these views, that the instructions referred to were correct; and as they render a consideration of the other points in the case unnecessary, the judgment must be affirmed.

*By the Court.*— Judgment of circuit court affirmed.