JUDGE HARDIN
delivered the opinion oe the court.
The appellant, as tbe assignee in bankruptcy of the several members of tbe late firm of James M. Todd & Co., brought this action against tbe Farmers Bank of Kentucky *199 for the recovery of two hundred, dollars and four cents, which he alleged the bank received on deposit from and agreed to pay over to said firm.
The bank by its answer admitted the alleged deposit, and the subsequent bankruptcy of the depositors, and assignment of their real and personal estates to the plaintiff by the register in bankruptcy; but set forth and pleaded as a set-off two debts of said firm of Todd & Co. to the bank. And to the set-off so plead the plaintiff’ filed a reply, setting forth that before he brought this action the defendant had, in the proper proceedings which were pending in bankruptcy, presented and proved and verified for adjudication and allowance against the estate of each of said bankrupts the whole amount of each of said debts, without giving or allowing any credit on either of them for the two hundred dollars and four cents in controversy; and that said debts, having been proved in bankruptcy, were beyond the defendant’s control.
To this reply the bank filed a demurrer, which the court sustained; and, the plaintiff failing to reply further, a judgment was rendered sustaining the set-off, and in bar of the action; and the plaintiff has appealed to this court.
The right of set-off is reserved to creditors by section 20 of the general bankrupt law of 1867, if the set-off be admitted in the presentation of the claim. But it is declared in the 21st section of the act “that no creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action and suit against the bankrupt; and all proceedings already commenced or* unsatisfied judgments already obtained thereon shall be deemed to be discharged and surrendered thereby.”
*200 In our opinion, proving the entire debts in the proceedings in bankruptcy, without offering to abate the claims by the amount of said deposit, was a waiver of the right to do so, and an election to proceed on said claims alone in the proceedings in bankruptcy; and that the subsequent assertion of part of the same debts by plea of set-off' in this action was equivalent to the prosecution of an original suit upon the claims against the prohibition of the bankrupt law. It results that the’ court erred in sustaining the defendant’s demurrer to the reply, and the judgment is consequently deemed erroneous.
Wherefore the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.