## BANK OF KENTUCKY *v.* DAVID EMMERSON, ETC.

**Bnkruptcy—Discharge from Liability.**

Where a creditor of an insolvent presented and proved his claim in a bankruptcy proceeding, he thereby exonerated the debtor from further liability therefor, and can not thereafter sue to subject property conveyed by the debtor and in the hands of the purchaser.

**Assignments for Benefit of Creditors—Preference of Creditors.**

The evidence was held not to show that a debtor in selling his property for the payment of his debts was actuated by the intent of giving preference or advantage to some of his creditors over others in contemplation of insolvency.

APPEAL FROM SCOTT CIRCUIT COURT.

April 21, 1873.

OPINION BY JUDGE HARDIN:

In 1867 David Emmerson, then greatly embarrassed by his individual debts and liability as surety for others, sold off in different parcels and at different times his real and personal estate, which appears to have been of considerable value, doing so openly, and with the generally professed object of making his property pay all of his creditors, to some of whom, in almost every instance, it seems the property or its proceeds passed in payment of debts.

The object of this suit, commenced in April, 1868, by the Bank of Kentucky and Thomas N. Lindsey, the Farmers Bank and Stephen Black afterwards uniting as co-plaintiffs, was to have the sales or part of them adjudged, under the act of March 10, 1856, as made in contemplation of insolvency and with the design of preferring

one or more of Emmerson's creditors to the exclusion of others and therefore operating as an assignment of all his property and effects for the benefit of his creditors.

The essential allegations of the petition were controverted by Emmerson and the purchasers; and in the progress of the case the debts of the original plaintiffs were satisfied, and the suit as to them dismissed; and Emmerson, on his own application, was adjudged a bankrupt, and as such discharged from his liabilities, under the general bankrupt law of the United States.

The claims of the Farmers Bank, but not those of Black, were regularly proved against the estate of Emmerson and adjudicated in the bankrupt court, and this was certainly a waiver of "all right of action" against Emmerson, and, as to him, a bar to the pending action in the state court under Sec. 21 of the Bankrupt Act. (*Brown, Assignee, etc., v. Farmers Bank,* 6 Bush 198).

We incline to the conclusion that as at most the sales could only have operated under the act of 1856 as a transfer of the property for the purpose of satisfying debts against Emmerson, the Farmers Bank, at least, having absolutely exonerated Emmerson himself by proving its debt, could not afterwards prosecute the action even for the specific object of subjecting the property in the hands of the purchasers.

Nor was it aided in that object by joining the assignee in bankruptcy with it as a co-plaintiff after the final settlement and discharge of the assignee had terminated alike his liabilities and functions as such.

But as it is at least questionable whether Black, who did not prove his claims in the proceeding in bankruptcy, had not the right, after the final discharge of Emmerson, still to prosecute the suit for enforcing any right as against the property which he may have previously acquired under the act of 1856, we have deemed it proper to examine the record carefully, both with regard to the preparation of the case as to his claims, and the evidence concerning the purposes and objects of the various sales and dispositions which Emmerson made of his property. It is worthy of observation that the notes forming the foundation of Black's claims, consisting of a comparatively small debt to himself, partly litigated, and a debt in which Emmerson, bound as the surety of Bell, held by Black, as the representative of John Macklin, were not even filed; and on the last

named debt another suit was pending against Bell's estate, the result of which is not shown. But if it be conceded that under the pleadings Black would be entitled to relief, if the evidence sustains the essential averments of the petition, under the act of 1856, we are constrained to sustain the decision of the lower court as to Black's claims, as well as the others, for the reason, at least, that the evidence fails to satisfy us that Emmerson, in selling his property and as it appears, honestly striving to pay all his debts with it or its proceeds, was in fact actuated by any intention to give preference or advantage to part of his creditors over the others in contemplation of his approaching insolvency.

Wherefore the judgment is *affirmed*.

*Lindsey, for appellant.*

*Craddock & Trabue, for appellees.*