Oswego Milling Company *v.* Skillern.

Opinion delivered December 17, 1904.

Receiver—following trust funds.—A complaint against the receiver of an insolvent bank which alleges that the bank, as agent for plaintiff, collected a claim which it failed to remit to plaintiff, and which went to swell the assets and funds of said bank, and is a trust fund in favor of plaintiff, without alleging that such fund went into defendant's hands, fails to state a cause of action.

Appeal from Howard Chancery Court.

James D. Shaver, Chancellor.

Affirmed.

STATEMENT BY THE COURT.

On the 4th day of February, 1903, one Joe Winter of Nashville, Ark., was indebted to the Oswego Milling Company of Oswego, Kan., in the sum of $516.13, and on that day Winter remitted the amount of his debt to the milling company by a check on the Planters' Bank of Nashville, Ark. When the check was received, the milling company deposited it for collection with the National Bank of Commerce of Kansas City, Mo., which bank in due course of business forwarded it for collection to the Howard County Bank, of Nashville, Ark. The last-named bank presented it to the Planters' Bank, on which it was drawn, for payment, and received payment therefor in full. Afterwards the Howard County Bank forwarded the amount collected to the National Bank of Commerce of Kansas City by a draft drawn by itself on the State National Bank of St. Louis. But the State National Bank of St. Louis refused payment, for the reason that the Howard County Bank had no funds there to its credit with which to pay the draft. Shortly afterwards the Howard County Bank failed, and never paid the sum collected by it on the Winter check. Afterwards one J. H. Skillern was duly appointed receiver of the assets of the insolvent Howard County Bank, and the Oswego Milling Company thereupon brought an action in equity

to compel the receiver to refund the amount thus collected. It alleged that it was never a creditor of the Howard County Bank, and that the said bank received the Winter check, which belonged to plaintiff, through the other banks named for collection only, and that it had no right to mingle said funds with its other assets, and prayed that the court make an order directing that the receiver pay the amount due plaintiff out of any funds in his hands as receiver, and for other relief. The receiver by his attorney filed a demurrer to the complaint, which the chancellor sustained, and dismissed the bill for want of equity. The plaintiff appealed.

*W. C. Rodgers,* for appellant.

The court erred in sustaining the demurrer to the complaint. It was not necessary to make the creditors of the bank parties. 66 Wis. 401. Where a trust fund is intermingled with other property, so that its identity is lost, a third party taking such property without notice is protected; but when the fund can be traced, it may be followed. 44 Ark. 447; 47 Ark. 533, 538. The banks which handled this check for appellee were its agents or bailees. 56 Ia. 434; 31 Kan. 599; 34 Neb. 318; 158 Ill. 259. The funds of the Howard County Bank became impressed with a trust for appellant, and a court of equity should follow them into whatever form they have taken. 47 Ark. 533, 538; 96 N. Y. 32; Morse, Banks & Bankg. § 567; 2 Hen. & M. 417, 420; 104 U. S. 54, 67; L. R. 13 Ch. D. 692; 57 Pa. St. 202; 4 De Gex, M. & G. 372, 382; 83 Mo. 210, 216; 31 Kan. 170, 173. The fund was in the nature of a special deposit, and, never having belonged to the collecting bank, it did not pass to the assignee or receiver. 31 Kan. 156, 161; 66 Minn. 401, 410; 37 Ill. App. 212, 217; 31 Kan. 170; 96 N. Y. 32, 36; 39 Hun, 187. Further, upon the proposition that the fund was a trust fund, and that appellant has the right to follow it, see: 39 Hun, 186, 190; 66 Minn. 401, 409; 96 N. Y. 32, 37; 62 Kan. 788; 59 Kan. 156; 57 Mo. 531, 546; 83 Mo. 210, 216; 51 Kan. 87.

*D. B. Sain,* for appellee.

A bank which receives paper for collection is the agent of the depositor until collection is made. 148 U. S. 50; 133 U. S.

557; 114 N. Y. 28. After collection the depositor or forwarding bank becomes the creditor of the collecting bank. 5 Dill. 104; 28 Ill. 463; 31 Ill. 519; 117 N. Y. 384; 114 N. C. 343. Appellant is not entitled to any priority over other creditors; 48 Fed. 25; 38 Fed. 172; 93 N. Y. 582; 83 Wis. 367; 87 Wis. 237; 69 Miss. 759. Preference can never be given, in case of the failure of a bank, where the moneys are not capable of identification. 140 Ill. 146; 96 Ill. 612; 88 Wis. 367. The right to preference in any event is dependent upon the possibility of identification and tracing of the fund. 105 N. Y.; 21 N. E. 178; 34 N. E. 205; 23 N. E. 1005; 67 Mo. 514; 73 Mo. 370; 70 Md. 78; 138 Ill. 127; 54 Mich. 134; 104 U. S. 54; 133 U. S. 670-693.

RIDDICK, J. (after stating the facts.) This is an action to establish an equitable lien on the assets of a bank in the hands of a receiver for the purpose of securing to plaintiff a preference in the payment of his claim over the other creditors of the bank. But we are of the opinion that the facts stated in the complaint are not sufficient to warrant the court in giving the claim of plaintiff a priority over the general creditors of the bank. For, if we conceded that the Howard County Bank held the check of plaintiff sent to it by the forwarding bank for collection only, and as agent for that bank and the plaintiff, and that it held the fund collected as a trustee, still, in order to follow this fund into the hands of the receiver, it must be shown that the identical fund collected went into the hands of the receiver, and went to swell the funds in his hands. If that was shown, then, notwithstanding the fact that they had been mingled with other funds of the bank in his hands, the court might grant the relief prayed. For; to quote an expression of Sir George Jessel, if these trust funds went "into the bag of money" held by the receiver, the court could compel him to take out an equal amount, and the general creditors would not be injured, for the balance left would be the same as if these trust funds had never been put in. In re *Hallett's Estate,* 13 Ch. Div. 696; *National Bank* v. *Ins. Co.,* 104 U. S. 54; *Phila. Nat. Bank.* v. *Dowd,* 38 Fed. Rep. 172; 2 Am. & Eng. Decisions in Equity, 658, 659.

But we must first know that the money went in before we order it taken out; otherwise, the rights of the general creditors may be prejudiced. Now, in this respect at least, the complaint

is not sufficient, for it does not allege that this fund collected by the Howard County Bank ever came into the hands of the receiver. The allegation is that the $516.13 "went to swell the assets of and funds of the said Howard County Bank, and the said sum of money so collected was and is a trust fund in favor of appellant, and not liable for any of the debts or obligations of that bank; that the appellee now has in his hands and control ample funds to pay all of said $516.31." Wherefore it prayed for an order of preference.

But it is not sufficient that the money in question went to swell the assets and funds of the Howard county Bank. We must know what became of it. The complaint does not allege that this money went into the hands of the receiver, and the facts alleged in the complaint may be true, and still this money may have been paid out by the bank to other creditors before it quit business. The bank in its last days was no doubt pressed for money, and may have used this fund to pay other debts, and may have disposed of it entirely before the receiver took charge. As the complaint does not allege that this money collected by the bank on the check of Winter to plaintiff went into the hands of the receiver, we take it that it was spent by the bank before the receiver took charge, but the mere fact that the bank may have used this fund in its own business does not, as we have stated, authorize the court to declare it a lien on the assets of the bank that are now in the hands of the receiver.

For the reasons stated, we are of the opinion that the chancellor did not err in sustaining the demurrer, and his judgment is therefore affiimed.