LEO F. STURM, Plaintiff, *v.* CHATHAM AND PHENIX NATIONAL BANK, Defendant.

Municipal Court, City of New York, Borough of Manhattan, Ninth District, May, 1923 (Received June, 1923).

Banks and banking — bankruptcy of depositor — notes due bank — composition agreement — when acceptance of dividend on claim releases right to hold deposit — right of depositor to recover money.

The courts of this state upon questions involving the application and effect of the National Bankruptcy Act will follow and give effect to the rulings of the federal courts.

Prior to the adjudication of plaintiff as a bankrupt he had on deposit with the defendant bank a certain sum of money which was listed in his schedule as an asset. At the time of the bankruptcy the defendant held two notes upon which plaintiff was liable but which had not matured at the time of the filing of the petition in bankruptcy. After such claim of the bank had been filed and allowed, it was paid a dividend of thirty-three and one-third per cent on the amount of its claim pursuant to a composition duly confirmed. *Held,* that the defendant, not having deducted either from its full claim or from the dividend paid to it the amount of the deposit in plaintiff's account, was not entitled to apply the same on the unpaid balance of its claim on the notes and plaintiff was entitled to recover the same with interest and costs.

ACTION to recover bank deposit.

*C. Bertram Plante,* for plaintiff.

*Kaye, McDavitt & Scholer,* for defendant.

GENUNG, J. This is an action brought to recover the sum of $176.95 with interest, alleged to be due and owing from defendant to plaintiff. The facts are undisputed.

On and prior to May 17, 1922, the plaintiff was a depositor of the defendant and on that date there was a balance of $176.95 remaining on deposit in the hands of the defendant in favor of the plaintiff, which is the amount sought to be recovered in this action.

The plaintiff was adjudicated a bankrupt. The sum in question was on deposit prior to the filing of the petition in bankruptcy and was listed in plaintiff's schedules as an asset. At the time of the bankruptcy the defendant bank was the holder of two notes, on which the plaintiff Sturm was liable, amounting together to the sum of $7,000, but which had not yet matured at the time of the filing of the petition in bankruptcy.

The defendant Chatham and Phenix National Bank filed a proof of claim for $7,000, which claim was allowed. Thereafter a composition was confirmed and the plaintiff paid a dividend in composition of thirty-three and one-third per cent. The defendant

bank was paid a dividend of thirty-three and one-third per cent on the $7,000.

The defendant bank did not deduct the moneys remaining on deposit in the plaintiff's account before filing its claim in the bankruptcy proceedings but elected to file a claim for the full amount of $7,000 and received the full amount of the composition based upon $7,000 without deducting the $176.95 standing to plaintiff's credit upon his account with it.

The question for the determination of this court is whether the defendant bank may now claim the $176.95 and apply the same on the unpaid balance of the $7,000, the defendant not having so applied the account in question in the bankruptcy proceeding or on the amount paid under the composition agreement.

It is settled that in questions involving the application and effect of the National Bankruptcy Act the courts in this state will follow and give effect to the rulings of the Federal courts. *Frank* v. *Mercantile National Bank*, 182 N. Y. 264; *Tompkins* v. *Hazen*, 165 id. 18.

Under the Bankruptcy Law the defendant Chatham and Phenix National Bank, in addition to being a creditor of plaintiff in the sum of $7,000, was also a debtor to the plaintiff in the sum of $176.95, the amount of the deposit balance in plaintiff's favor at the time of the filing of the petition (*New York County Bank* v. *Massey*, 192 U. S. 138; *Matter of Boston-Cerrillos Mines Corp.*, 206 Fed. Rep. 794; 30 Am. Bank. Rep. 739; *Matter of Gill*, 190 Fed. Rep. 726; 26 Am. Bank. Rep. 883), and as such debtor had an undoubted right in the bankruptcy proceedings to apply the amount of the deposit on account of the amount due from plaintiff on the notes even though those notes had not matured. *New York County Bank* v. *Massey, supra; Germania Savings Bank & Trust Co.* v. *Loeb*, 188 Fed. Rep. 285; 26 Am. Bank. Rep. 238.

The defendant bank did not, however, deduct the moneys remaining on deposit in the plaintiff's account before filing its claim in the bankruptcy proceeding, nor did it apply the amount in question on the sum agreed to be paid in the composition.

Under the authority of *Western Tie & Timber Co.* v. *Brown*, 196 U. S. 502, and *Germania Savings Bank & Trust Co.* v. *Loeb, supra*, the defendant bank was entitled to thus prove its debt on the notes for $7,000 with the setoff of the $176.95 in question eliminated. The defendant bank, however, by following this procedure remained a debtor to the bankrupt estate for the amount of deposit since the failure to take advantage of this right of setoff in the bankruptcy proceedings followed by an acceptance of the amount agreed to be paid in the composition which was confirmed, operates

in law to a waiver of the defendant's claim to apply the amount in question on the original indebtedness of the plaintiff bankrupt to it.  *Hunt* v. *Holmes,* 16 Nat. Bank. Reg. 101; Fed. Cas. 6890; *Matter of Ballance,* 219 Fed. Rep. 537; *Cumberland Glass Co.* v. *De Witt,* 237 U. S. 447; 2 Collier Bank. (12th ed.) 1099.

In *Hunt* v. *Holmes, supra,* it was held that a creditor who took his composition dividend after the composition was finally passed over his objections, making no attempt to have the mutual claim adjusted and setoff thereby waived his claim of setoff.  The learned court stated the rule applicable in the following language: " The plaintiff has waived any set-off he may have had.  The composition was offered, and was litigated with this plaintiff.  *   *   * When the composition was finally passed, he received his proportionate part.  He says in his bill that he refused the tender, but there was no evidence of a refusal.  *The law is that one who proves a debt in full, with knowledge of all facts, waives any set-off he may have.  (Stammers* v. *Elliott,* L. R. [1867–68] 3 Ch. App. Cas. 195; *Brown* v. *Farmers' Bank of Kentucky,* 6 Bush, 198.)  In composition, creditors are not bound to attend the meetings, and prove their debts, and vote for or against resolutions, unless they choose to do so, but when there are disputed accounts and matters to be liquidated and adjusted, *I do not know that it is more the duty of the debtor than of the creditor to move the court for a settlement.*  Here it was at the election of the plaintiff to take his dividends on the notes which he had bought and of the purchase of which he had never notified Holmes & Blanchard, so that, in fact, he alone had the opportunity to apply for the set-off.  When he took his dividend, he waived his claim of set-off, and there is no evidence that he received the money or endorsed notes under protest, or by mistake, or under any other circumstances which would entitle him to a rehearing or readjustment."

In *Matter of Ballance, supra,* a creditor filed a petition to vacate a composition upon the ground of fraud.  It was there held that the petitioner after a demurrer to his petition had been overruled, could not take the amount of the composition and also take the chances of proving the allegations in his petition to set aside the composition for fraud, but that he must make election as to which form of relief he would accept and that he could not take his share of the composition as a partial payment and proceed to recover upon the unpaid balance of his claim.

*Cumberland Glass Co.* v. *De Witt, supra,* is to the same effect, holding that if a creditor proves his debt without claiming setoff, he will generally be deemed to have waived it, and if he accepts

4

dividends on composition without invoking his right of setoff he will not be permitted subsequently to set up and enforce his claim.

The order of confirmation in the bankrupt's proceeding became in effect a discharge and may be pleaded in bar to defendant's claim herein with the like effect. It operated to discharge the plaintiff bankrupt from all debts other than those agreed to be paid by the terms of the composition and those not affected by a discharge. Nat. Bank. Act, § 14C.

Section 17 of the Bankruptcy Act described what debts are not affected by a discharge, but as the defendant's claim does not come within the enumerated exceptions, the provisions of this section need not now be considered.

Section 70F of the Bankruptcy Act provides that " Upon a confirmation of a composition offered by a bankrupt, the title to his property shall thereupon revest in him."

Obviously the term " property " includes choses in action or claims existing in favor of the bankrupt against his debtors.

The defendant concedes that on the filing of the petition, the trustee or receiver of the bankrupt acquired title to the bankrupt's entire estate, including choses in action, and that on the discharge of the bankrupt, the trustee's title in uncollected choses in action revests in the bankrupt. He then proceeds to argue that it was the trustee's or receiver's duty to object to defendant's claim and to reduce it to the correct amount, which would have been $7,000 less the amount on deposit, and that since the trustee did not do so, there was, therefore, no waiver of the defendant's claim to the amount although it filed a claim for the full amount of $7,000 and received the amount agreed upon in the composition based on $7,000. This is on the law a *non sequitur*. *Cumberland Glass Co. v. De Witt, supra; Hunt v. Holmes, supra*, and *Matter of Ballance, supra*, are decisively against the defendant's contention.

The statement of the court in *Matter of Lane*, 125 Fed. Rep. 772, 773, quoted with approval in *Cumberland Glass Co. v. De Witt, supra*, 459, is apposite: " But if the composition is paid the creditors have no further claim upon the debtor or his property. In a composition the creditor gets, not his share of the bankrupt's estate, but what he bargained for, and he has no right to claim more."

Again, the fact, as urged by the defendant, that the defendant bank did not sign the composition agreement or enter into it does not change the rule. The consent of the defendant was not necessary, the release of the plaintiff's debt to defendant affected by the composition, being by operation of law on the signing by a majority of the creditors and approval by the court. *Matter of Jersey Island*

*Packing Co.*, 152 Fed. Rep. 839; 18 Am. Bank. Rep. 417; *Easton Furn. Mfg. Co.* v. *Caminez*, 146 App. Div. 436; 27 Am. Bank. Rep. 29.

In any event the question of the validity of the composition is not an open one here. Defendant has received and retained the amount agreed upon in the composition, which has been confirmed, and its right to further compensation is concluded thereby. The amount on deposit not having been applied on the debt owing from plaintiff to defendant in the bankruptcy proceedings or on the amount due under the composition agreement, the plaintiff's claim to the same was an asset of the plaintiff bankrupt which revested in him on the confirmation of the composition, followed by the payment of the amount agreed upon.

The Bankruptcy Law controlling the rights of the parties, plaintiff is entitled to recover the amount sued for. Judgment for plaintiff, with costs.

Judgment accordingly.