**TYLER COUNTY STATE BANK et al. v. SHIVERS. (No. 892–4597.)**

Commission of Appeals of Texas, Section B. May 16, 1928.

**1. Trusts ⬤⟿354—Trust property continues subject to trust, though changed in character, and will be followed by equity through changes in trustee's hands.**

Property charged with a trust continues subject to and affected by trust, however much it may be altered or changed in its nature or character, and court of equity will follow such property through whatever changes it undergoes in hands of trustee.

**2. Trusts ⬤⟿358(1)—Trust in property mingled with trustee's private property so as to be incapable of identification ceases.**

Where property held in trust has been so mingled with trustee's private property that it is impossible to trace and identify it in any specific property, trust ceases.

**3. Trusts ⬤⟿358(1)—Where trustee converts property so that it cannot be distinctly traced into specific property of trustee's insolvent estate, cestui que trust is merely general creditor.**

If trustee has dissipated or converted trust property so that it cannot be distinctly traced into any specific property which is part of his estate, and such estate is insolvent, wronged cestui que trust must stand on same footing as general creditor.

**4. Banks and banking ⬤⟿80(7)—Plaintiffs who could not trace proceeds of converted bonds into specific asset of insolvent bank held not entitled to preferred claim as beneficiaries of trust.**

Plaintiffs depositing for safe-keeping in bank Liberty bonds, which were converted by bank prior to insolvency, held not entitled to preferential claim on all assets of bank, where petition did not allege any specific asset of bank into which plaintiffs traced proceeds of Liberty bonds, but affirmatively showed inability to trace such proceeds, and proof did not definitely trace proceeds into cash on hand or any specific asset of bank, but merely showed that proceeds of Liberty bonds swelled assets of bank, which were used as all other assets in ordinary operation of bank.

**5. Trusts ⬤⟿350—Beneficiary's election to proceed against trustee as general or as preferred creditor with right to claim property, in absence of fraud or mistake, is bar to other remedy.**

Cestui que trust may elect whether he will pursue remedy against trustee as general creditor or as preferred creditor having right to claim trust property as his own, but remedies are inconsistent, and election to pursue one in absence of fraud or mistake is bar of right to pursue other.

**6. Trusts ⬤⟿350—Owners of bonds converted by bank, after presenting claims, on insolvency of bank, as common creditors, could not assert right to impress trust on bank's assets.**

Where plaintiffs depositing for safe-keeping in bank Liberty bonds converted by bank prior or to its insolvency presented claims to commissioner of banks as common creditors, they could not thereafter pursue inconsistent remedy of seeking to impress trust on assets of bank, where original claim was presented without mistake and with full knowledge of all circumstances, and subsequent election to pursue different remedy would materially interfere with prompt liquidation of bank.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by Robert A. Shivers, trustee, against the Tyler County State Bank and others. Judgment for plaintiff was affirmed by the Court of Civil Appeals (281 S. W. 264), and defendants bring error. Reformed and affirmed.

Dan Moody, former Atty. Gen., George Christian, former Asst. Atty. Gen., Claude Pollard, Atty. Gen., C. W. Trueheart, Asst. Atty. Gen., and John W. Goodwin, of Austin, for plaintiffs in error.

R. A. Shivers, of Port Arthur, and C. E. Smith, Coleman & Lowe, J. E. Wheat, and J. A. Mooney, all of Woodville, for defendant in error.

LEDDY, J. On the 28th day of March, 1921, the Tyler County State Bank was declared insolvent, and its assets were taken charge of by the commissioner of banking for the purpose of liquidating its affairs as provided by the statutes of this state.

Defendant in error, as trustee for a large group of persons named in the petition, brought this suit against said bank and the commissioner of banking in charge thereof, alleging that the various individuals in whose behalf he sued, prior to the time the bank became insolvent, were the owners of United States government bonds and War Savings Stamps which they deposited with said bank as a special deposit with the agreement that the bank would, upon demand, redeliver to the owner thereof the special property so deposited; that the aggregate value of the bonds and stamps so delivered was the sum of $19,219.75.

As a basis for the recovery of the value of such property, and to impress a lien upon the entire assets of the bank, the petition contained the following allegations:

" * * * That the said Tyler County State Bank had prior to its failure hypothecated and

sold divers and sundry parties all of said property hereinbefore described and received therefor a valuable consideration, to wit, the sum of twenty thousand ($20,000.00) dollars, and that the said sums of money so received by it were mixed and mingled with the assets of the Tyler County State Bank and the same was by said bank converted into other assets the exact nature of which is unknown to the plaintiff. And the proceeds of said sales and hypothecations were trust funds belonging to the owners of said bonds and stamps as above set out; and the same was mixed with the assets of said bank at the time it was closed by said commissioner of banking as aforesaid. That said property and proceeds are still in the hands of the commissioner of banking, and a large amount of which has been converted into cash by him. That said property and proceeds increased the assets of said bank by said amount, and also increased the amount of the assets taken over by said commissioner and now held by him by the same amount. That said acts and conduct in mixing and mingling said money and property with the bank's money and property entitles the plaintiff herein to a preference lien on all of the money and property now in the hands of said commissioner of banking as assets of the Tyler County State Bank."

Defendant in error's prayer was that he "have judgment for the amount of money and property now in the hands of said commissioner equivalent to the amount received by said bank for said property and that it be established as a trust fund and a preferred claim against all of the assets of said bank."

The case was tried before the court without a jury, and judgment rendered in favor of defendant in error for the sum of $17,295, adjudicated that such amount constituted a preferred claim against the assets of said bank, and it was ordered that the commissioner of banking should pay said claim in preference to all other claims.

The commissioner of banking by demurrer challenged the sufficiency of the petition to state a cause of action for a preference in behalf of the claim asserted by the trustee, and now asserts that the judgment establishing such claim is erroneous and is not supported by the pleadings or the evidence.

[1] It is a familiar equitable rule that property charged with a trust continues subject to and affected by the trust however much it may be altered or changed in its nature or character. A court of equity will follow such property through whatsoever changes and mutations it may undergo in the hands of the trustee. The rule is thus stated by Mr. Pomeroy:

"Whenever one person has wrongfully taken the property of another and converted it into a new form, the trust arises and follows the property or its proceeds." 3 Pom. Eq. Jur. 1051.

[2] The overwhelming weight of authority sustains the rule, however, that where property held in trust has been so mingled with the trustee's private property that it is im-possible to trace and identify it in any specific property the trust ceases. Continental Bank v. Weems, 69 Tex. 489, 6 S. W. 802, 5 Am. St. Rep. 85; Dollar v. Lockney Supply Co. (Tex. Civ. App.) 164 S. W. 1076; Biennial Report of Attorney General of Texas (1922–1924) p. 281; Empire State Surety Co. v. Carroll County (C. C. A.) 194 F. 593; In re Stewart (D. C.) 178 F. 463; Board of Commissioners of Crawford County v. Strawn (C. C. A.) 157 F. 49, 15 L. R. A. (N. S.) 1100; 15 L. R. A. (N. S.) note, p. 1100; Nonotuck Silk Co. v. Flanders, 87 Wis. 237, 58 N. W. 383; Dowie v. Humphrey, 91 Wis. 98, 64 N. W. 315; Burnham v. Barth, 89 Wis. 362, 62 N. W. 96; In re Plankinton Bank, 87 Wis. 378, 58 N. W. 784.

[3] If the trustee has dissipated or converted the trust money or property so that it cannot be distinctly traced into any specific property which is a part of his estate, and such estate is insolvent, the wronged cestui que trust must stand on the same footing as the general creditors. Ellicott v. Kuhl, 60 N. J. Eq. 333, 46 A. 945; Little v. Chadwick, 151 Mass. 109, 23 N. E. 1005, 7 L. R. A. 570; In re Mulligan (D. C.) 116 F. 715; Spokane County v. First National Bank, 68 F. 979, 16 C. C. A. 81; Oswego Mill Co. v. Skillern, 73 Ark. 324, 84 S. W. 475; Ferchen v. Arndt, 26 Or. 121, 37 P. 161, 29 L. R. A. 664, 46 Am. St. Rep. 603; Union National Bank v. Goetz, 138 Ill. 127, 27 N. E. 907, 32 Am. St. Rep. 119; Illinois Trust & Savings Bank v. First National Bank (C. C.) 15 F. 858; New Farmers' Bank's Trustee v. Cockrell, 106 Ky. 578, 51 S. W. 2; Ober v. Cochran, 118 Ga. 396, 45 S. E. 382, 98 Am. St. Rep. 118 and note; Lowe v. Jones, 192 Mass. 94, 78 N. E. 402, 6 L. R. A. (N. S.) 487, 116 Am. St. Rep. 225, 7 Ann. Cas. 551 and note; note 46 Am. St. Rep. 608.

Under some of the earlier decisions it was only necessary to show that the owner's property had been mingled with that of the trustee in order to impress a lien on the trustee's entire property. Most of the courts announcing this doctrine have modified or overruled the same until now the practically universal rule is that if the property has become so mingled with the general property of the trustee that it can be no longer distinctly traced and identified, the trust is destroyed, and the cestui que trust occupies no better position than any other general creditor. Modification of the rule announced in some jurisdictions is shown in 26 R. C. L. § 219, p. 1355, wherein it is said:

"According to this doctrine it was to be assumed that the use and benefit of the subject of the trust had augmented the value of the estate even though the trustee had paid it away in debts and expenses, and somehow, in some form, it was represented in the estate, although it could not be pointed out. Most, if not all, of these cases, however, have been overruled or clearly limited or qualified, and the fully ac-

cepted rule at the present time is that it must appear that the trust property or its proceeds have found their way directly into the estate of the trustee; that the property must be found to reside in the assets at the time when the claim was asserted and must not have been expended or dissipated for any purposes in the business of the trustee."

The Supreme Court of Tennessee, in the case of McDowell v. McDowell, 144 Tenn. 452, 234 S. W. 319, 18 A. L. R. 623, also announces that the rule laid down in some of the earlier cases has been generally repudiated. It is there said:

"This court has never accepted the doctrine announced in some jurisdictions that, if one's general estate has been swelled by the proceeds of trust property, the trust may be established against the general assets although the estate be insolvent. This view formerly prevailed in some jurisdictions, but seems to have been abandoned almost everywhere now. We cannot undertake to review all the cases, but the trend of decision on the subject will be shown in an elaborate note under Macy v. Roedenbeck, 227 F. 347, 142 C. C. A. 42, following the report of that case in L. R. A. 1916C, p. 12."

This general rule is recognized in Texas Moline Plow Co. v. Kingman Imp. Co., 32 Tex. Civ. App. 343, 80 S. W. 1042. We quote the syllabus, which reflects the holding, as follows:

"Where personalty, different parts of which were mortgaged to different persons, was sold by the mortgagor, all the proceeds being put into his business and used to pay debts and purchase other property, so that no part of the proceeds could be traced into any specific property, the property purchased with the proceeds was not impressed with a trust in favor of the mortgagees."

In the case of Board of Commissioners of Crawford County v. Strawn, 157 F. 49, 15 L. R. A. (N. S.) 1100, the Circuit Court of Appeals for the Sixth Circuit, in disposing of a contention similar to that made by defendant in error in this case, said:

"But, aside from this view, of the evidence, the claim to a general charge upon any and all property acquired by the bank, through the use of the general funds of the bank with which this trust fund had been blended, is not supported by the weight of authority; nor do the cases decided by this court go so far. That the misuse of this trust fund has gone to swell, in one form or another, the general assets of the bank, is not enough to charge the whole with a lien, will not be seriously contested. The cases which deny such a contention are numerous. To impress a trust upon the property of a tort-feasor who has used the trust fund in his private affairs, it must be traced in its original shape or substituted form."

A similar rule is announced in the case of Empire State Surety Co. v. Carroll County (C. C. A.) 194 F. 593, in the use of this language:

"It is indispensable to the maintenance by a cestui que trust of a claim to preferential payment by a receiver out of the proceeds of the estate of an insolvent that clear proof be made that the trust property or its proceeds went into a specific fund or into a specific identified piece of property which came to the hands of the receiver; and then the claim can be sustained to that fund or property only and only to the extent that the trust property or its proceeds went into it. It is not sufficient to prove that the trust property or its proceeds went into the general assets of the insolvent estate and increased the amount and the value thereof which came to the hands of the receiver."

Our Supreme Court recognizes this rule in Continental Bank v. Weems, 69 Tex. 489, 6 S. W. 802, 5 Am. St. Rep. 85, wherein it is stated:

"Now, then, the question is, Has the appellant a lien upon the general assets in the hands of the receiver, for the proceeds so appropriated? We think not. To hold the affirmative of this proposition would be to declare that every one who receives the money of another in a fiduciary capacity, and expends it in the payment of his own debts, thereby creates a lien upon his entire estate in favor of the owner of the money so expended. But this is clearly contrary to the doctrine of constructive trusts. The true rule is, that the trust estate must be clearly traced into other specific property, in order that the cestui que trust may claim either the property itself or a lien upon it. This is the doctrine uniformly applied in the older cases, and laid down by the text-writers upon the law of trusts. * * * We have a line of decisions in our own court which, we think, have an important bearing upon the question before us. It is held that the wife may follow, through all its mutations, the proceeds, in the hands of the husband, of her separate estate converted by him and claim the property into which they have been invested. But at the same time it has been repeatedly decided that to enable her to do so the proceeds must be clearly and distinctly traced. * * * This results from an application of the doctrine of constructive trusts to the separate property of the wife, in the hands of the husband. The principal whose money has been misapplied by his agent occupies with us no higher ground than the married woman whose husband has misappropriated hers; and our courts have never held that the wife, in the latter case, is entitled to priority of payment out of the husband's estate, as against his general creditors."

It will be noted that the Supreme Court in the above case distinctly holds that the person whose property has been converted by a trustee occupies no better position than a married woman whose husband has misappropriated her property. The rule is well established in this state that a married woman, in order to recover under such circumstances, must distinctly trace her separate funds into specific property before she is entitled to impress a trust thereon. It is not sufficient if she merely establishes that her husband has mixed and mingled her separate funds with the community property so that

its existence can only be determined by its being a part of the general mass of the common property.

[4] Neither the allegations nor the proof made by defendant in error entitle him to a preferential claim on all of the assets of said bank. The petition does not attempt to allege any specific asset of the bank into which he traces any of the proceeds of the Liberty bonds converted by the bank. On the other hand, it affirmatively shows that he is unable to trace such proceeds. The allegation is:

"And that the said sums of money so received by it were mixed and mingled with the assets of the Tyler County State Bank, *and the same was by said bank converted into other assets, the exact nature of which is unknown to the plaintiff.*"

The proof does not definitely trace the proceeds of the sale of the converted property into the cash on hand or into any specific asset of the bank. It merely shows that the proceeds of these securities went into and swelled the assets of the bank, and thereafter they were used as all other assets in the ordinary operation of the bank. Under such circumstances, the judgment of the court was erroneous in impressing a trust on the entire assets of the bank. The claims represented by the trustee were not entitled to a preference lien on the assets of the bank.

[5] It was shown without dispute that the owners of a large number of the claims represented by the trustee had presented their claims to the commissioner of banking as common creditors, and such claims had been duly approved. Plaintiff in error asserted by proper plea that, such parties having elected to present their claims as common creditors, they should not be permitted to pursue the inconsistent remedy of seeking to impress a trust upon the assets of the bank. The true rule is that the cestui que trust may elect whether he will pursue his remedy against the trustee as a general creditor or as a preferred creditor having a right to claim the trust property as his own. But these remedies are inconsistent, and an election to pursue one, in the absence of fraud or mistake, is a bar of the right to pursue the other. 26 R. C. L. § 218; Hewitt v. Hayes, 205 Mass. 356, 91 N. E. 332, 137 Am. St. Rep. 448; Washburn v. Great Western Ins. Co., 114 Mass. 175; American Circular Loom Co. v. Wilson, 198 Mass. 182, 84 N. E. 133, 126 Am. St. Rep. 409; Conrow v. Little, 115 N. Y. 387, 22 N. E. 346, 5 L. R. A. 693; Brown v. Farmers' Bank of Kentucky, 6 Bush, 198; Carter v. Smith, 23 Wis. 499; Beloit Bank v. Beale, 34 N. Y. 473.

[6] The law contemplates that the commissioner of banking shall liquidate as expeditiously as possible the affairs of an insolvent bank. It would materially interfere with the prompt liquidation of such banks if parties were permitted to obtain approval of their claims as common creditors and then repudiate such action and seek to establish the same as preferential ones. Therefore, when such person has completed an election to avail himself of one remedy, if made without mistake and with full knowledge of all the circumstances, he should properly be barred from the pursuit of the other.

We desire to voice our sincere appreciation for the valuable aid and assistance we have received from an exhaustive brief on the questions involved herein, prepared by Hon. W. W. Meachum, former Assistant Attorney General, now deceased. The research made by him and authorities collated measurably lessened our labors in the decision of this case.

Under defendant in error's pleading, the recovery awarded is proper, and we therefore recommend that the judgment establishing defendant in error's claim as a preferential one be reformed so as to decree a recovery for the amount found by the trial court, eliminating that portion of the judgment establishing the same as a preferential claim against the assets of the bank, and, as so reformed, that it be affirmed.

GREENWOOD and PIERSON, JJ. Judgments of the district court and Court of Civil Appeals reformed and affirmed, as recommended by the Commission of Appeals.

CURETON, C. J., not sitting.