## GROTE v. SERVICE FINANCE CORPORATION.

### No. 10426.

Court of Civil Appeals of Texas.
San Antonio.

June 29, 1938.

Rehearing Denied Aug. 10, 1938.

Keys & Holt, of Corpus Christi, and Hayden W. Head, of Sherman, for appellant.

Russell & Beaucaire, of San Antonio, for appellee.

SMITH, Chief Justice.

Appellant, Grote, is engaged in the business of buying used motor cars and reselling them on credit, evidenced by purchasers' monthly installment notes secured by chattel mortgages on the cars sold. He financed the business in part by hypothecating said notes to appellee, Service Finance Corporation, with his endorsement in blank. It was provided in the agreement between the parties that Grote make collection of the installments on the notes and remit monthly to appellee the amounts of the current maturities, whether he actually made full collections thereof or not.

This action was brought against Grote by the corporation upon a petition in which it was alleged that Grote complied with said agreement and made the required remittances through the month of November, 1937, but that while he had collected $2,252.93 in December, 1937, $2,385.71 in January, 1938, and $1,034.34 in February, 1938, he had remitted to the corporation the sum of only $2,000 in said period, and declined to remit further. The corporation further alleged that Grote "has purchased various property and is concealing the same from

this plaintiff and his other creditors and that plaintiff is entitled to have an equitable trust impressed upon all of such property purchased by Grote with funds belonging to plaintiff out of such collections," and prayed for an injunction restraining him from "disposing of any property until such trust be established" and until he "has paid plaintiff such funds."

Upon the hearing of the application for injunction "by agreement of the parties" the cause was referred to a master in chancery to hear the evidence in connection therewith and to determine the law thereon, the recommendation of said master to be adopted by this court.

"Accordingly this cause was referred to said master and evidence being heard thereon and argument on the law being heard before said master, said master filed in this court on the 4th day of March, 1938, his findings of fact and recommendation that an injunction issue herein, to which findings defendant filed in this court on the 7th day of March, 1938, his exceptions thereto, and this court, by reason of the agreement herein, refusing to consider the same they were overruled and injunction issued in accordance with the recommendation of said master in chancery, to which action, order and ruling of the court defendant took exception and gave notice of appeal to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas, sitting at San Antonio, Texas."

In accordance with the "findings of fact and conclusions of law" filed by the master, the trial judge entered an order granting a temporary injunction, restraining appellant, his agents, etc. "from collecting any payments on any accounts which have heretofore been transferred to the Service Finance Corporation, and * * * until the further order of this court, from repossessing any vehicle covered by any of such accounts, and from interfering with the Service Finance Corporation, its servants and agents, in their collection efforts on all of such accounts. And the said Ed Grote, his servants * * * are hereby enjoined, until the further order of this court, from disposing of the following described property, to-wit: * * *" listing eleven motor vehicles found by the master to have been purchased by appellant "with funds belonging to (appellee) intermingled with his own funds." Grote has appealed, complaining only of that part of the injunction in which he was restrained from selling said eleven automobiles.

■ We are of the opinion that the injunction was improvidently granted. The position of appellant was that of a guarantor upon the notes involved, who assumed the burden of collecting the installments thereon from the makers. His obligation to appellee was to collect from the makers and to remit, monthly, the full amounts of the current maturities on the notes, whether he collected all, any, or none, of the amounts due, from the makers. The record shows that during December, 1937, and January, February and March, 1938, appellant collected an amount in excess of $5,600 from the makers of the notes, for which he had accounted to appellee in the sum of only $2,000. As he made such collections he deposited the proceeds in his only bank account, commingling them with all other funds, controlled by him, in said account, constituting the whole a sort of revolving fund with which he operated his business. In this way, and out of the omnibus fund, he acquired the eleven cars which he has been enjoined from reselling. The condition of that account; the amount of the revolving fund on hand therein; what part, if any, thereof was collected from said notes; what part, if any, went into the purchase price paid for said eleven cars, was not disclosed upon the trial, nor was the state of appellant's solvency shown.

From the facts stated we draw these conclusions:

■ 1. In the collection of said notes appellant was the agent of appellee, to whom he was accountable for the fund so collected.

■ 2. When appellant deposited said fund into his said general account, in the bank, it became subject to a trust in favor of appellee.

■ 3. When appellant purchased the eleven cars in controversy and paid for them out of said bank account, these cars were also impressed with a trust in favor of appellee to the extent, if any, and only, that said trust funds were used in said purchases.

4. The burden rested upon appellee to show that a part of said trust funds went into the purchase of said cars, as a condition to its right to injunction restraining appellant from reselling said cars.

It is conceded that appellee failed to meet that burden, as has already been shown.

Accordingly, the judgment must be reversed and the injunction dissolved, insofar

as appellant was restrained from reselling said eleven cars.

### On Motion for Rehearing.

In deference to appellee's earnest motion for rehearing we are constrained to fortify our conclusions by reference to two Supreme Court cases deemed applicable to the issues in this case.

In Continental National Bank v. Weems, 69 Tex. 489, 6 S.W. 802, 5 Am.St. Rep. 85, the court, speaking through Mr. Justice Gaines, said (page 805):

"If [the trustee] keeps on hand a sufficient sum to cover the amount of the trust money, we think * * * that the trust should attach to the balance that is found to remain in his hands. * * * Where the trustee mingles the trust money with his own, whatever he pays out (leaving enough to cover the trust fund) he is presumed to pay out of his own money."

After discussing cases from other jurisdictions, the court continued:

"In these cases the doctrine has been so extended as to give priority from the general assets of the bank, on the ground that these assets have been swelled by the trust funds, although it was not shown that a sufficient amount of cash remained on hand to cover the latter. * * * We are constrained to differ with them on the point, and to hold that, in order to fix the trust upon any part of the assets, the particular property into which trust money has been converted must be pointed out with at least practical definiteness and certainty."

Judge Leddy wrote at length on the subject in the case of Tyler County State Bank v. Shivers, Tex.Com.App., 6 S.W.2d 108. He announced the correct rule in this language (page 110):

"It will be noted that the Supreme Court * * * distinctly holds that the person whose property has been converted by a trustee occupies no better position than a married woman whose husband has misappropriated her property. The rule is well established * * * that she * * * must distinctly trace her separate funds into specific property before she is entitled to impress a trust thereon. It is not sufficient if she merely establishes that her husband has mixed and mingled her separate funds with the community property so that its existence can only be determined by its being a part of the general mass of the common property."

The burden was on appellee to overcome the presumption that appellant withdrew his own funds in order to purchase the cars. Appellee showed that its moneys went into the bank account, but did not attempt to trace them into the automobiles. A trust will not be decreed on a mere suspicion; on the contrary, there must be a definiteness and a certainty that the particular property was purchased with trust funds, and the beneficiary must distinctly trace his money into the specific property. The evidence in the instant case does not show that any of appellee's funds went into the purchase of the cars; nor does it show that appellant did not have sufficient funds in the account to repay the amount he had collected for appellee.

The motion for rehearing is overruled.