**SHAW, Banking Com'r, et al. v. DAVIDSON et al. (No. 3719.)**

Court of Civil Appeals of Texas. Texarkana. June 20, 1929.

John W. Goodwin, of Austin, for appellants.
Young & Stinchcomb, of Longview, for appellees.

LEVY, J. (after stating the case as above).
[1-3] It is contended by the banking commissioner that, in effect, the deposit was neither a special deposit to be specifically returned nor a deposit within the terms of the Depositors' Guaranty Fund Act (Rev. St. 1925, art. 441 et seq.), but a deposit of a nature allowable as a general creditor's claim only. The trial court concluded that the deposit was not in point of fact a special deposit such as would be subject to be specifically reclaimed, but was of the kind protected under the depositors' guaranty fund. It is believed that the ruling of the trial court was correct and should be sustained in the special circumstances of the case. The conduct of the parties and all the circumstances go to show the purpose and intention of J. F. Meeks and Davidson and Voss in the initial undertaking was to have the two checks cashed and the proceeds actually deposited as a general deposit, and not in the nature of a bailment, in the bank, to the credit of Davidson and Voss. There was no intention on the part of Meeks, Davidson, and Voss to have the bank keep the proceeds of the draft as a special deposit and return the identical money so deposited when the time should come for the money to be paid out. The character of return to be made by the bank was merely that of an equal sum of money. There is applicable to the facts the conclusion of the court, upon quite similar facts, in the case of Butcher v. Butler, 134 Mo. App. 61, 114 S. W. 564, 566, viz.: "There was no intention or though entertained by Becker, Butcher, or the bank that the funds deposited were to be kept separate and the bank deprived of their use. It was the idea to put the money beyond the control of the depositor Becker to protect the contingent interest in it given to Butcher by the contract, but, when

the time should come for the money to be paid out, the obligation of the bank was to make the payment out of its general funds, and not to return the identical money." The principle in that case controls the present appeal. The fact of whether a deposit in a bank is a special or general one is dependent upon the mutual intention and understanding of the parties. Fogg v. Tyler, 109 Me. 109, 82 A. 1008, 39 L. R. A. (N. S.) 847, Ann. Cas. 1913E, 41; 5 Cyc. 514. See Annotation 39 L. R. A. (N. S.) p. 847. The rule is quite settled that, quoting from Warren v. Nix, 97 Ark. 374, 135 S. W. 896, 899, "if the agreement between the parties is that the identical coin or currency shall be laid aside and returned, then it is a special deposit. But if the agreement is that the money shall be returned, not in the specific coin or currency deposited, but in an equal sum, it is a general deposit. In either case the money is deposited for safe keeping, and the only distinction between the two kinds of deposit is in the character of the return that is to be made thereof to the depositor, whether it shall be returned in the identical thing deposited, or in kind." Therefore the finding of the trial court must be sustained that "the said deposit was not made to be considered as a trust fund."

The simple question then is, Was the deposit protected by the depositors' guaranty fund; the bank being in the relation of debtor and creditor, and not "trustee" or bailee, and the deposit being, as admittedly shown, unsecured and noninterest-bearing? The money being placed in the bank with the intention of a general deposit, and not a bailment or special deposit to be specifically returned, such deposit would be within the terms of the Depositors' Guaranty Fund Act, although such general deposit was not subject to check until the time of the determinative event agreed upon between the parties and assented to by the bank. So far as the face of the agreement shows, the determinative event could have occurred or been satisfactorily performed the next day after the deposit. And it is an admitted fact that the parties to the original agreement mutually rescinded the same and so notified the bank. From and after that date the deposit was subject to check by Davidson and Voss, such as any general deposit would be. Article 446, Rev. St. 1925, reads: "All unsecured noninterest bearing deposits * * * shall be protected under the guaranty fund." Article 447, Rev. St. 1925, enumerates the "deposits" that shall not "be protected or insured under the guaranty fund." The two articles considered together, in order to fix the meaning, must be understood as including all deposits of the kind described and as debarring those only expressly enumerated. The word "deposit" was used in the generally accepted and understood meaning, as very clearly ruled in Kid-

der v. Hall, 113 Tex. 49, 251 S. W. 497, 499, by Chief Justice Cureton. Quoting from that opinion: "A depositor is one who delivers to or leaves with a bank money, or checks or drafts, the commercial equivalent of money, subject to his order, and by virtue of which action the title to the money passes to the bank." The present deposit is within the terms of article 446, Rev. St. 1925.

It is believed the other assignments of error should be overruled as not affording ground for reversal.

We are of the opinion that the judgment of the trial court as recorded in the minutes was intended to only classify and allow payment out of the depositors' guaranty fund of the fund in controversy. We conclude that the judgment should be so construed, and so hold.

The judgment is affirmed.