SHAW, Banking Com'r, et al., v. MEEKS et al.
(No. 3720.)

Court of Civil Appeals of Texas. Texarkana. June 20, 1929.

See, also, 19 S.W.(2d) 789.

LEVY, J. (after stating the case as above). There arises in the appeal the simple question of whether or not in the special circumstances, the deposit in controversy was, as determined by the trial court, protected under the depositors' guaranty fund. We think it was, and that the trial court correctly so held, because the deposit was an actual general deposit of money in the bank, as contradistinguished from a bailment or special deposit of the money in the bank to be specifically returned. According to the initial written agreement between J. F. Meeks and M. C. Dyer, there was "to be deposited" by J. F. Meeks $1,875.00 "with the Commercial Guaranty State Bank of Longview," and, when done, "said deposit to be held by the said bank" until the happening of the determinative event named in the writing. But this direct arrangement with the bank itself was before any deposit was made, changed by the parties thereto, and not carried out. The initial undertaking was changed so far as to have the J. K. Bivens Lumber Company, in place of the bank, take over and control the stipulated sum of money. In so doing the conduct of the parties and all the circumstances go to show the purpose and intention of Meeks, Dyer, and the Bivens Lumber Company was to have the draft of J. F. Meeks cashed and the proceeds actually deposited, as a general deposit and not in the nature of a bailment, in the bank to the credit of the Bivens Lumber Company. There was no intention on the part of Meeks, Dyer, and the Bivens Lumber Company to have the bank keep the proceeds of the draft as a special deposit and return the identical money so deposited, when the time should come for the money to be paid out by the Bivens Lumber Company. The character of return to be made by the bank was merely that of an equal amount of money. The trial court made the finding of fact, which we here sustain, that "the said deposit was not made to be considered as a trust." This is a companion case to the case of Banking Commissioner v. V. A. Davidson et al., 19 S.W.(2d) 789, this day decided by this court and the rulings therein are made applicable here, including the ruling respecting the extent and force of the trial court's judgment as was spread at large upon the minutes.

We have considered all the assignments of error, and overrule each of them as not affording grounds for reversal of the judgment. The judgment is affirmed.

John W. Goodwin, of Austin, for appellants.

Young & Stinchcomb and W. C. Shoults, all of Longview, for appellees.