**BRAND, Banking Commissioner of Texas, v. R. W. BRIGGS & CO.**

**No. 9499.**

Court of Civil Appeals of Texas. San Antonio.

Jan. 23, 1935.

Rehearing Denied Feb. 20, 1935.

Seabury, Taylor & Wagner, of Brownsville, for appellant.

Strickland, Ewers & Wilkins, of Mission, for appellee.

MURRAY, Justice.

This suit was instituted by appellee, R. W. Briggs & Co., a corporation, against E. C. Brand, commissioner of banking of the state of Texas, as receiver of the Farmers' State Bank of San Benito, asking judgment in the sum of $5,000, alleging that it had made a special deposit of $5,000 in this bank under such circumstances as to constitute it a trust fund. The trial began with the intervention of a jury, but at the close of the testimony both parties requested an instructed verdict. The trial court overruled the motion of appellant, but granted the motion of appellee and instructed the jury to render a verdict in favor of R. W. Briggs & Co., in the sum of $5,000, and from the judgment rendered on this verdict, the commissioner of banking has appealed.

The decision in this case hinges upon the question as to whether or not the $5,000 deposit made by appellee in the Farmers' State Bank of San Benito was, under all the circumstances, a special deposit not to be commingled with the general funds of the bank, and, therefore, a trust fund which may be recovered from, and established as a preferred claim against the assets of, this bank, now insolvent and in the hands of the banking commissioner for liquidation.

The facts are that Briggs & Co. were engaged in doing construction work upon a state highway near San Benito. It did its general banking business with the American State Bank & Trust Company of Edinburg, Tex. Appellee, Briggs & Co., did not wish to change these general banking arrangements at Edinburg, but did desire to establish a local banking arrangement at San Benito during the progress of this construction work. Its employees had been cashing drafts and vouchers at the San Benito bank, but there had been a charge of 5 cents per voucher. On or about February 25, 1932, appellee company and the officers of the San Benito bank entered into an agreement to the effect that appellee should make a deposit of $5,000 in the San Benito bank, which was to be carried in a special account upon which no checks were to be drawn. Appellee was to be permitted to open another account, to be known as the pay roll account. On pay day a representative of appellee was to ascertain the total sum needed for the pay roll and draw a draft for this amount upon the bank at Edinburg and deposit the draft with the San Benito bank. The draft was to be treated as a cash item by the San Benito bank and the pay checks of appellee were to be immediately paid by the San Benito bank, overdraft thus created was to be taken care of by the returns from the draft. The $5,000 deposit was to compensate and protect the San Benito bank for this service.

It is contended by appellee that there was an implied agreement that the $5,000 deposit was to be kept separate and not commingled with the general funds of the bank and was to be returned to appellee when the agreement was terminated and it no longer desired local banking accommodations at San Benito. There is no contention that there was an expressed agreement to this effect, therefore it

becomes a question as to what was reasonably within the minds of the parties at the time of the understanding. Or, in other words, what did the parties contemplate at the time they entered into this agreement?

In order to establish a trust fund in a bank, it must be shown that at the time the deposit was made there was an agreement, expressed or implied, that the money, or its equivalent, so deposited will not be commingled with the general funds of the bank. 6 Tex. Jur., p. 240, § 104; Shaw v. Davidson (Tex. Civ. App.) 19 S.W.(2d) 789; First Nat. Bank of Ranger v. Price (Tex. Civ. App.) 262 S. W. 797.

Appellee having deposited the equivalent of money in the San Benito bank and having accepted therefor an ordinary deposit slip, the burden of proof was upon it to establish the fact that this fund was a trust fund, which was not to be commingled with the general funds of the bank, but was to be kept separate and not used by the bank as a part of its disposable capital. There is no direct evidence upon this point. It could only be established as being implied from the understanding had by the parties. It seems to us the conclusion is inescapable that it was not the implied understanding that this $5,000 was to be kept separate from general funds of the bank and not used by the bank. State Bldg. & Sav. Ass'n v. Mechanics' Savings Bank & Trust Co. (Tenn. Ch. App.) 36 S. W. 967.

The bank was agreeing to use its general funds to pay the pay roll checks of appellee. This was the privilege sought by appellee. Is it reasonable to suppose that the bank was agreeing to permit the construction company to use its funds and at the same time agreeing not to use the funds of the construction company deposited with it? This would be an unreasonable deduction. As a matter of fact, when mere matters of form and bookkeeping are brushed aside, appellee deposited money in the bank at San Benito to meet its biweekly pay roll, and, as this fund was drawn out, it was replenished by drafts drawn upon the Edinburg bank. This money was deposited in the San Benito bank for the purpose of enabling appellee to have its checks on this bank cashed. This does not differ from the purpose of a general deposit. The fact that the bank agreed to keep two accounts and handle the funds in a peculiar manner was not sufficient to create a trust fund which would entitle appellee to preference over other depositors. There is simply nothing in the record which would warrant the conclusion that the San Benito bank agreed to do other than what it did do, to wit, accept this $5,000 deposit as a general deposit and commingle it with its disposable capital.

The trial court erred in not granting appellant's motion for an instructed verdict, and it appearing to this court that appellee has already been granted an unpreferred claim by the banking commissioner for the amount of this deposit, the judgment below will be reversed and judgment here rendered that appellee take nothing by reason of this suit, and pay all costs of this and the court below.

Reversed and rendered.