### SPIEGEL v. MAYHALL et al.   (No. 7708.)

(Court of Civil Appeals of Texas.   San Antonio.   Feb. 16, 1927.   Rehearing Denied March 16, 1927.)

**1. Appeal and error ⬤⟞544(1)—In absence of bill of exceptions or identification of mortgage in record, erroneous admission of mortgage is not reviewable.**

Admissibility of mortgage would not be considered on appeal, where mortgage copied into record was disconnected from any other document, there was nothing to identify it as mortgage referred to by appellant and no bill of exceptions was reserved to admission of any mortgage in evidence.

**2. Bills and notes ⬤⟞519—Principal and surety ⬤⟞161—Evidence held to show extension of time for payment of note and that parties apparently principals were sureties.**

Testimony of principal on note *held* sufficient to show extension of time for payment, and that parties apparently principals on note were sureties.

**3. Principal and surety ⬤⟞104(1), 109—Extending time for payment of note and accepting security held to release sureties on note.**

Extending time for payment of note and accepting mortgage as security *held* to release sureties on note.

**4. Evidence ⬤⟞423(6)—Parol evidence may show one apparently principal on note is surety.**

One apparently a principal on a note may be shown by parol testimony to be a surety, when payee knew the facts.

Appeal from Calhoun County Court; C. J. Thomson, Judge.

Action by John Spiegel against J. A. Mayhall and others to recover on a note. From a judgment against defendant named and in favor of the other parties on the note, plaintiff appeals. Affirmed.

Carey Legett, of Port Lavaca, for appellant.

E. L. Dunlap, of Victoria, for appellees.

FLY, C. J.   Appellant sued J. A. Mayhall, J. M. Newlin, R. L. Sims, and J. W. Key to recover on a note executed by them for the sum of $275, on which payments amounting to $100 had been made. Mayhall did not answer, and Newlin, Sims, and Key answered that they were only accommodation makers or sureties on the note, as was well known to appellant, the payee in the note, and that they had been discharged from all liability on the note because, after maturity of the note, appellant, for a consideration, had extended payment of the note without the knowledge or consent of the sureties. The cause was tried without a jury, and judgment rendered against J. A. Mayhall for $258.32, and in favor of the other parties on the note for their costs.

The statement of facts shows that there was an extension of the time of payment of the note in 1925, and a mortgage on a crop taken as security for the note, and that such extension was made without the knowledge or consent of the accommodation makers, Newlin, Key, and Sims.

[1, 2] The action of the court is assailed on the admission in evidence of a certain mortgage, but, in the absence of the mortgage from the statement of facts, we have no copy of the mortgage, and can gain nothing of its contents except through the testimony of Mayhall, which shows that the mortgage gave an extension of the debt. It is true that a mortgage, disconnected from and without being attached to any other document, is copied into the record, but there is nothing to identify it as the mortgage referred to by appellant. No bill of exceptions was reserved to the admission of any mortgage in evidence. Mayhall testified that the mortgage was given to secure the note sued on, as well as another debt, and that the time on the note was extended. No effort was made to collect the debt until the time of extension had expired. The testimony of Mayhall was sufficient to show an extension of the debt, and also showed that Newlin, Sims, and Key were sureties on the note.

[3] Giving time to Mayhall, and accepting a mortgage to secure the debt, released the sureties on the note. Brandt on Suretyship, §§ 376, 394, and 395; Mann v. Brown, 71 Tex. 241, 9 S. W. 111; Wylie v. Hightower, 74 Tex. 306, 11 S. W. 1118; Cruse v. Gau (Tex. Civ. App.) 193 S. W. 405.

[4] One apparently a principal on a promis-

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sory note may be shown by parol testimony to be a surety, when the payee in the note knew the facts. Burke v. Cruger, 8 Tex. 67, 58 Am. Dec. 102; Cruger v. Burke, 11 Tex. 694; Adams v. Kelly (Tex. Civ. App.) 196 S. W. 576.

The judgment is affirmed.