### SHAW, Banking Com'r, v. McCORD.
### (No. 568.)

Court of Civil Appeals of Texas. Eastland.
April 19, 1929.

Rehearing Denied May 31, 1929.

L. C. Sutton and John W. Goodwin, both of Austin, for appellant.

Butts & Wright, of Cisco, for appellee.

HICKMAN, C. J. The appeal is from a judgment in favor of appellee against appellant in his official capacity as banking commissioner of Texas, establishing a claim of $2,000 as a special deposit and preferred claim against the assets of the Commercial State Bank of Cisco, which bank is in the hands of appellant for liquidation. The theory of appellee's claim was that the sum of $2,000 was deposited by him for a special purpose and was, therefore, a trust fund in the hands of the bank. The facts are practically undisputed and establish the following conclusions:

On or about October 20, 1926, appellee, who was then vice president of Commercial State Bank of Cisco, received a letter from his son at Corpus Christi, Tex., advising him that Gulf Lumber Company was drawing a draft upon him for $2,000. For the purpose of honoring the draft when it reached Cisco, appellee borrowed $2,000 from the Cisco Banking Company. Instead of depositing the proceeds of the loan in the Cisco Banking Company in his own name, appellee had that bank credit the amount to the Commercial State Bank and issue to it a deposit slip therefor. He then took this deposit slip to Commercial State Bank, showed it to the cashier, made out a deposit slip crediting himself with a deposit of $2,000 in that bank, and intrusted the cashier to use the money to pay off the draft when it arrived. Three or four days later the draft was received by Commercial State Bank, which bank issued its draft on a Dallas bank to take up the Gulf Lumber Company draft. Before the draft drawn by the Commercial State Bank was paid, that bank failed and the banking commissioner took charge of its assets for liquidation. There are some further evidentiary facts in the record, but, as they have no controlling effect on the judgment, they need not be detailed or commented upon.

■ While, strictly speaking, money deposited in a bank to be used for a specifically designated purpose is not a special deposit, yet, in so far as it gives rise to a trust fund, it is governed by the same rules and principles. McBride v. American R., etc., Co., 60 Tex. Civ. App. 226, 127 S. W. 229; First National Bank of Ranger v. Price (Tex. Civ. App.) 262 S. W. 797; Hudspeth et al. v. Union Trust & Savings Bank, 196 Iowa, 706, 195 N. W. 378, 31 A. L. R. 466, and note following.

■ In order to recover a trust fund as a preferred claim, it is necessary for the plaintiff to identify the fund in the hands of the defendant, or trace it into some specific property. But, since money cannot be identified, in a case where the trustee commingles the trust fund with his own and pays out from the common fund, no further identification is required than to show that there has remained in his hands an amount equal to the trust fund, for it will be presumed that he paid out from his own fund rather than the trust fund. Continental Nat. Bank v. Weems, 69 Tex. 489, 6 S. W. 802, 5 Am. St. Rep. 85.

■ Were this a case in which appellee deposited money in Commercial State Bank for the known purpose of discharging the expected draft, and the evidence disclosed that at all times after the deposit, and until the bank closed for liquidation, there remained in the vaults of the bank $2,000 or more in cash, it would probably not be questioned that he was entitled to a preference. But that is not the case presented. Appellee's money never went into the vaults of the Commercial State Bank, but into the Cisco Banking Company. His right to a recovery rests

upon his ability to impress a trust, not upon money found in the Commercial State Bank, but upon a claim for money deposited in the Cisco Banking Company to the credit of Commercial State Bank. In other words, under his pleadings his judgment must be affirmed, if at all, upon the theory that he traced his funds into a particular piece of property, which property passed to the commissioner and has been converted by him. We can perceive no good reason why this claim or credit of the Commercial State Bank against the Cisco Banking Company should not be regarded as an asset or particular piece of property against which a trust could be impressed. Without dispute it was purchased wholly by the funds of appellee, and for a specified purpose. After that deposit was made, withdrawals were made from day to day by the Commercial State Bank, but its balance was never reduced as low as $2,000. We think it should be presumed that these withdrawals were made from the other funds on deposit rather than from this trust fund, and that, therefore, none of this credit had been paid at the time appellant took possession of the assets of the bank. Thus viewing the effect of the transactions, the conclusion follows that appellee has the right, under proper allegations, to impress that particular asset of the Commercial State Bank with a trust in his favor.

The record shows that that asset came into the hands of the commissioner, but whether it is still in his hands or has been collected by him and mingled with other assets does not appear. Appellee did not seek, in his petition, to impress a trust upon this asset, but alleged that same was paid to appellant (and thereby extinguished) after he took charge of the Commercial State Bank for liquidation. But he failed to prove this fact. In the absence of such proof, a money judgment against appellant was not authorized. Suppose, for instance, Cisco Banking Company has or should hereafter become insolvent without first paying this claim, a judgment against the commissioner under the trust theory pleaded by appellee would have no support either in the pleadings or the proof.

We have concluded that the lower court was in error in awarding interest against appellant. 7 C. J. pp. 744, 745, § 532; Butler v. Western German Bank (C. C. A.) 159 F. 116.

We approve the following language taken from the opinion of the Circuit Court of Appeals in the above case:

"The equity, springing as it does from the right to trace the funds or property, does not extend to a right to take other funds or property by way of damages or interest. Especially is this true where it does not appear that the fund withheld has earned interest or profit, and where the defendant holds, also, as trustee the other funds or property with which the funds claimed were mixed. To allow interest in such case would be to permit the wrongful withholding of the fund by the defendant to create a charge on other funds held by him in trust for the creditors of the bank. This would be inequitable. The investigation and decision of this case has, it is true, established the fact that the receiver should have surrendered this fund to the complainant, but an error of judgment by the receiver on this question should not make the creditors of the bank chargeable with interest on the fund withheld."

It follows, we think, that the case should be retried, and it is accordingly reversed and remanded.