THE STATE EX REL. E. H. PERCY v. ARGUS COX ET AL., Judges of Springfield Court of Appeals.—30 S. W. (2d) 46.

Division One, July 9, 1930.

*Sharp & Baynes* for relator.

*S. I. Stiles* and *Sam J. Corbett* for respondents.

RAGLAND, J.—Certiorari. Relator seeks to have quashed, on the ground of conflict of decision, the opinion and judgment of the Springfield Court of Appeals in a certain cause entitled Rock Island Plough Company, appellant, v. E. H. Percy, respondent, lately pending in said court on appeal. The facts as stated in the opinion are as follows:

"Action for debt for goods sold and delivered. Defense of payment. Judgment for defendant and plaintiff appealed.

"The facts are admitted and the only question here is whether upon these facts the debt was paid. The account was admitted by defendant to be correct, and his plea of payment rested upon the following facts as learned from the abstract of record and statements in briefs of counsel not shown in the record. The defendant sent plaintiff a check by mail on May 28, 1927, for $213.28, the amount of the bill after allowing certain discounts for prompt payment. Plaintiff received this check at its place of business in Rock Island, in the State of Illinois, on May 31, 1927. The plaintiff on the same day deposited it in the State Bank of Rock Island, Rock Island, Illinois, in which bank it carried an account as a depositor and received credit therefor. The check was drawn on the Bank of Canalou, Canalou, Missouri. The Bank of Rock Island promptly mailed this check direct to the Bank of Canalou on which it was drawn for payment and remittance. Counsel agree in their printed statement that the Bank of Canalou received the check through the mail on June 4, 1927, and on the same day marked the check paid and charged it to the account of the defendant, the drawer of the check, though this fact does not appear in the abstract of record. The Bank of Canalou did not remit to the bank at Rock Island, Illinois. The Bank of Canalou closed its doors on June 7, 1927, without having made any remittance upon this check. After this bank failed the Bank of Rock Island notified plaintiff that the check had not been paid and required plaintiff to repay to it the amount of the check. Plaintiff then sued defendant for the debt which the check was given to pay."

On said facts the Court of Appeals ruled:

"It is certain that the mere delivery of the check to plaintiff by defendant did not pay the debt. The defendant continued to

owe the plaintiff until the check should be collected by plaintiff and if plaintiff used due diligence to collect the check and failed, the debt was not paid. . . .

"The check was presented and not paid to anybody. The mere fact of marking the check paid and charging it against the account of the party presenting the check in any way cannot be payment in fact. If, when the bank failed, the Finance Commissioner had attempted to balance the bank's books he would have found the bank long in cash to the amount of this check, because the books would show that the bank had paid this check with cash when it had not been paid in any way at all. . . .

"Since the Bank of Canalou did nothing to pay this check it had no authority to mark the check paid or to charge the amount of it to defendant on its books. We must, therefore, reach the same conclusion in this case as we would be compelled to reach if the bank had merely laid the check aside without marking it paid and had made no entry in its books at all. Laying this unauthorized entry aside, the case rests upon the mere fact of the delivery of the check to plaintiff and its presentment to the bank for payment and the failure of the bank to pay it. On those facts, . . . the defense of payment was not sustained by the evidence."

The opinion assumes that at the time the check was presented for payment the drawer had on deposit with the bank sufficient funds to pay it, and that the bank itself at that time had the means with which to pay it. At least an insufficiency of funds on the part of one or of credit on the part of the other is nowhere referred to.

It is true, as the opinion holds, that the debt was not paid until the check was paid. But the check was paid. When the Bank of Canalou received the check for collection and remittance, and accepted it for that purpose, it became the agent of the holder. And when it stamped the check paid and charged the account of Percy, the drawer, with the amount thereof, it appropriated from its own funds the amount required to pay the check—collected it. The money so collected the Bank of Canalou thereafter held as agent of the owner of the check; as such agent it was its duty to make remittance. But regardless of whether it ever made remittance, the check was paid. This conclusion necessarily follows from the holdings in Bank v. Millspaugh, 313 Mo. 412, and Federal Reserve Bank v. Millspaugh, 314 Mo. 1. The ruling of the Court of Appeals, in essential respects, is in conflict with these two decisions. Its opinion and judgment are therefore quashed. All concur.