## SHAW, Banking Com'r, v. BROWN.

### No. 3402.

Court of Civil Appeals of Texas. Amarillo.

July 12, 1930.

Williams & Day, of Plainview, for appellant.

Bouldin & Zivley, of Mineral Wells, and Farris Fish, of Matador, for appellee.

JACKSON, J.

This suit was instituted in the district court of Floyd county, Tex., by the appellee, W. N. Brown, against the appellant, James Shaw, as the banking commissioner of this state, to recover the sum of $3,376.20, with interest at the rate of 6 per cent. per annum, and for the foreclosure of an alleged preference lien on the funds of the Lockney State Bank in the hands of said commissioner.

The appellee alleged that the Lockney State Bank was a banking corporation under and by virtue of the laws of Texas and during the month of January, 1925, and for many years prior thereto, had been engaged in the banking business at Lockney, in Floyd county. That about the 1st of February, 1925, said bank became insolvent and closed its doors. That all of the assets and business of the institution were delivered to the banking commissioner of the state, who has since been in charge, possession, and management thereof.

That about the 10th of April, 1922, appellee, as president of said bank, made a loan to W. M. Stovall for $5,275. That Stovall executed his promissory note to the bank for said sum due October 7, 1922, bearing interest at the rate of 10 per cent. per annum, and also executed his chattel mortgage on certain live stock fully described, securing the payment of the note. That about sixty days after the loan was made, H. M. Waldon, a bank examiner, requested appellee to place fifty-one shares of the capital stock of said bank in escrow with the bank as additional security for said note. That appellee complied with such request, but received no consideration whatever therefor. That said stock was so held until about March 20, 1923, when appellee sold it for the sum of $3,376.20. That said sum, on the request and demand of the directors of the bank, was placed in a special fund in the bank to be held for appellee in trust as security for said note, just as the fifty-one shares of stock had been theretofore held. That the stock was placed in escrow in the bank sixty days after the note was executed, at which time all of the money advanced on the note had been drawn out of the bank by Mr. Stovall and that he had no money on deposit in the bank while plaintiff continued to be the president of the institution. That neither Mr. Stovall nor appellee received any consideration whatever for placing the stock in escrow as collateral, and neither of them received any consideration for the money paid into the bank for appellee as the price of his stock. That while appellee was an officer of the bank no renewal or extension of the note was made and no agreement was had to extend it. That there was no forbearance or act upon the part of the bank or any one else constituting any consideration for the stock or the money received

302

therefor. That said $3,376.20 increased the deposits of the bank in that sum and together with the other funds of the insolvent bank were received by the banking commissioner. That appellee filed a claim with the proper authorities for the full amount thereof according to law, but said sum or any part thereof has never been paid.

That about the 4th of January, 1923, the bank, without the knowledge or consent of appellee, permitted W. M. Stovall to execute and substitute a new note for the sum of $5,639.10 in lieu of the original note for the sum of $5,275.00, and that the new note was accepted by the bank in full settlement of the original note and is in the hands of the banking commissioner.

That when the new note was made, the Lockney State Bank, without the knowledge or consent of appellee, permitted the First National Bank of Fort Worth, Tex., to take a first mortgage lien on all of the cattle and live stock belonging to W. M. Stovall to secure a note for the sum of $25,000. That the Lockney State Bank released the mortgage it held against said cattle and live stock to secure the payment of the original note for $5,275, and accepted a second lien on the same cattle and live stock to secure the payment of the new note. That but for said transaction there was and would have been ample security to have satisfied the original note of W. M. Stovall to the Lockney State Bank. That by reason of the premises, appellee is entitled to recover his debt against the banking commissioner and to be paid out of the assets and funds of the Lockney State Bank.

The appellant answered by general demurrer, special exception, general denial, and specially alleged that the $3,376.20 which appellee sought to recover was never commingled with the general funds of the bank and was never a trust fund and that appellee had no preference lien on the funds of the insolvent bank to secure the payment thereof. That appellee was interested in the cattle upon which W. M. Stovall had given the mortgage to secure the original note and that constituted a valuable consideration for the deposit of the stock and the proceeds thereof with the bank as additional security for the payment of the note. That at the time W. M. Stovall obtained the loan from the Lockney State Bank, he also, with the assistance of appellee, borrowed $15,811.35 from the First National Bank of Fort Worth and executed to said First National Bank a first chattel mortgage upon all the cattle and live stock covered by his mortgage given to the Lockney State Bank to secure the payment of the $5,275 note, all of which was done with the knowledge of appellee.

The case was tried before the court without the intervention of a jury, and judgment rendered that appellee recover of appellant as banking commissioner the sum of $3,376.20, with 6 per cent. interest thereon from September 1, 1925, together with costs of suit. That appellee was to have execution therefor and was to be paid out of the cash and other assets of the Lockney State Bank such sum, from which judgment this appeal is prosecuted.

We have omitted substantially all of the allegations of both appellant and appellee relative to the capital stock and the price thereof constituting a trust fund, the commingling thereof with the general funds of the bank, and the preference lien claimed by appellee, because he frankly admits that he failed to establish a trust fund or a preference lien or the commingling of the funds or that the bank had on hand a sufficient amount to have discharged appellee's claim and that under the judgment he is entitled to recover, if at all, only as a general or common creditor. These admissions upon the part of appellee render it unnecessary to discuss the law relative to such questions.

The court finds, in effect, that on, prior, and subsequent to the 10th of April, 1922, the Lockney State Bank was a banking corporation; that appellee was the president thereof and had authority to make loans therefor. That about the 10th of April, 1922, he made a loan for the bank to W. M. Stovall for $5,275, for which Stovall executed his note and a chattel mortgage on certain cattle and live stock as security. That about sixty days thereafter the appellee placed fifty-one of his shares of the capital stock in the bank as collateral security for the Stovall note, at which time Stovall had checked out all the money he had in the bank. That the note was not due at the time appellee deposited the stock. That there was no extension of the W. M. Stovall note and that there was no consideration for the placing of the capital stock as collateral security for the note. That about the 10th of March, 1923, plaintiff sold his capital stock in the bank, including the fifty-one shares held as security by the bank, and that the price of said fifty-one shares, $3,376.20, was deposited in the bank in lieu of the stock as collateral security for the note, but that no consideration was paid for such deposit. That on January 4, 1923, the appellee was not in charge of the bank and had no control or management thereof. That without his knowledge or consent said note for $5,275, dated April 10, 1922, was paid off and satisfied by a new note executed by W. M. Stovall, which was accepted in full payment of said original note. That appellee was released and discharged from any liability on the original note and is in no way liable for the note executed on the 4th of January, 1923. That in the early part of 1925 the Lockney Bank became insolvent, and the funds and assets thereof were delivered to the banking commissioner of the state, and he is legally in

charge of and administering the assets of said insolvent bank.

The appellant challenges as error the findings of the court that there was no consideration for placing the stock or depositing the price thereof with the bank as collateral security to the original Stovall note and the finding that said note was extended and discharged by a new note without appellee's knowledge or consent and that he was released and discharged from all liability to the bank evidenced by the Stovall notes or either of them.

The testimony shows that appellee placed his stock in the bank as collateral security for the Stovall note at the request of a bank examiner and that the price received for said stock was left in the bank as collateral security for said note on the request and demand of the directors of the bank. That appellee had no interest in any of the live stock or cattle upon which Stovall had given security. That the cattle and live stock on which the mortgage was given, after 155 head had been lost, brought $16,522.25. That in the meantime the market for cattle had declined. That appellee knew nothing about the extension, renewal, and substitution of the note dated January 4, 1923, for the original note of $5,275. That the price of the fifty-one shares of capital stock, $3,376.20, was paid in to the bank, none of which was ever paid to appellee.

We deem it unnecessary to recite at length and in detail the evidence in the record, but after careful examination of the testimony, it is our opinion that the finding of facts of the trial court finds sufficient support in the record.

■ The appellant in his pleading and in his brief contends that appellee, if entitled to recover, could recover only as a common or nonpreferred creditor, and this is conceded by appellee. We are of the opinion that appellee was entitled to a decree establishing his claim as a nonpreferred or a common creditor and the assignments attacking the sufficiency of the testimony are overruled. Witt et al. v. Wilson (Tex. Civ. App.) 160 S. W. 309, and authorities therein cited; People's State Bank v. Fleming-Morton Co. et al. (Tex. Civ. App.) 160 S. W. 648; King v. Wise (Tex. Com. App.) 282 S. W. 570; Haldeman v. German Security Bank (Ky.) 44 S. W. 383; Westbrook et al. v. Belton National Bank et al., 97 Tex. 246, 77 S. W. 942; Speigel v. Mayhall et al. (Tex. Civ. App.) 292 S.W. 262, and authorities cited; Angel et al. v. Miller et al., 16 Tex. Civ. App. 679, 39 S. W. 1092; 49 C. J. 970 § 177.

■ The appellant presents as erroneous the judgment of the trial court in permitting the appellee to recover interest at the rate of 6 per cent. per annum from September 1, 1925.

On the authority of Shaw v. McCord (Tex. Civ.App.) 18 S.W.(2d) 200, 201, this assignment is sustained.

The appellant in his brief asked that if the court reaches the conclusion that the case should not be reversed and rendered for him, the judgment be reformed so as to permit appellee a recovery only as a nonpreferred creditor to be paid pro rata as other like creditors from the assets of the bank.

Appellee contends that the judgment of the court only permits him a recovery as a common or nonpreferred creditor, but as the decree instructs the appellant to pay appellee in full with interest and that the clerk issue an execution against the assets and funds of the insolvent bank in his hands to enforce the decree, we are of the opinion that the judgment of the trial court should be and is here reformed so that appellee may recover $3,376.-20 without interest and that he recover only as a nonpreferred creditor and be paid pro rata as other like creditors from the funds and assets of the insolvent bank, and as so reformed, the judgment is affirmed.

RANDOLPH, J., not sitting.