HAYS v. SHAW, Banking Com'r, et al.

No. 1222.

Court of Civil Appeals of Texas. Eastland.

April 6, 1934.

Kirby, King & Overshiner, of Abilene, for plaintiff in error.

Ocie Speer, Fred S. Rogers, and Jay H. Brown, all of Austin, for defendants in error.

FUNDERBURK, Justice.

This suit was brought by W. S. Hays, against James Shaw, banking commissioner, and Abilene State Bank, to recover $887 (less $83.70), which had been deposited in said bank prior to its insolvency. The deposit was sought to be recovered as one entitled to priority in payment over general creditors of the bank, upon the theory that it was made for a specific purpose, agreed to by the bank, and therefore constituted a trust fund. Plaintiff was a Confederate veteran, and the deposit represented the proceeds of pension warrants issued to him by the state of Texas. There were alternative allegations, apparently designed to show the fund came into the possession of the banking commissioner charged with a trust, in that same being pension money was exempt by R. S. 1925, art. 6243, from payment of the debts of plaintiff, and from garnishment, execution, or other legal process, and could not be seized in any manner, or for any purpose.

The defendants, in addition to a general demurrer and general denial, specially pleaded estoppel, based upon the fact that plaintiff had made proof of his claim as a general creditor and had been paid thereon a 10 per cent. dividend (being the $83.70 above mentioned).

Upon a nonjury trial the court found that the deposit of $887 was a general deposit, and not a special deposit, and that plaintiff by making proof of claim therefor as a general depositor, and, by accepting the dividend of $83.70 paid upon such claim, had bound himself by an election of remedies. The court further found that at the time the banking commissioner took over the assets of the bank there was $411.25 cash in the vault, and the bank had to its credit in correspondent banks a sum in excess of $10,000. Further findings recite that the plaintiff was 85 years of age and not conversant with the law relating to the filing of claims against banks in liquidation; that the form for making claim was sent voluntarily by the banking commissioner with the request to execute and return same, all of which was done by Roscoe Hays, plaintiff's son, acting as his duly authorized agent, who, however, was not himself conversant with the laws relating to the filing of such claims. Afterwards the claim for priority payment, with credit acknowledged for the dividend payment, was made by plaintiff himself. The court further found that the administration of the estate by the banking commissioner would not be delayed or retarded by the filing of the claim for priority.

The judgment was for the defendants, based upon the conclusions (1) that the deposit was general, and therefore not entitled to priority in payment; and (2) that plaintiff had bound himself by electing another remedy. Plaintiff has prosecuted writ of error. The parties will be referred to as in the lower court; i. e., plaintiff and defendants.

It is the conclusion of a majority of the members of the court that all those propositions which in one way or another present questions of estoppel or election of remedies are, regardless of their merits, if the questions were open, ruled by the opinion of the Commission of Appeals in Tyler County State Bank v. Shivers, 6 S.W.(2d) 108. Under this view, said propositions are required to be, and are, overruled. The writer is of the opinion that the propositions should be sustained, based upon the conclusion that the opinion in said Tyler County State Bank Case, upon this point, is incorrect both upon reason and the best authority, and, the judgment in that case being also based upon an independent ground, the opinion does not necessarily express the views of the Supreme Court. Even under this view, however, the propositions which would be sustained would be rendered immaterial because of the conclusions hereinafter stated. Hence it is deemed unnecessary to devote further discussion to this phase of the case.

There was, in our opinion, no error in the judgment, or any part of the proceedings upon which it must depend for support, in any respect, of which complaint is made, in so far as said judgment was based upon the finding that the deposit was general and not entitled to priority in payment. Neither the pleadings nor the evidence disclose any contention that the deposit was a "special deposit" in the strict sense of that term. To be such, it was necessary that there had been an agreement that the identical warrants deposited, or at least the identical moneys representing the proceeds of said warrants, should be returned to the depositor. "A special deposit is a delivery of prop-

erty, securities, or even money, to the bank for the purpose of having the same safely kept, and the identical thing deposited returned to the depositor." 7 C. J. 630, § 306. The theory upon which plaintiff sought to have the deposit adjudged to be entitled to priority appears to have been that it was of the nature of a special deposit, in that it was made for a specific purpose. "While such a deposit is sometimes termed a 'special deposit,' and partakes of the nature of a special deposit to the extent that title remains in the depositor, and does not pass to the bank, yet it seems more accurate to look on this as a distinct class of deposit. In using deposits made for the purpose of having them applied to a particular purpose, *the bank acts as the agent of the depositor* * * * and the agency created by the deposit is revocable by the depositor at any time before the purpose of the deposit has been accomplished." (Italics ours.) 7 C. J. 632, § 307. "A general deposit * * * is the payment of money into the bank to be repaid on demand, in whole or in part, as called for in any current money." 7 C. J. p. 628, § 305.

The burden of proof was upon plaintiff to show that the deposit was not a general deposit, or (which amounts to the same thing) was a special deposit, or deposit for a specific purpose. There was a total absence of any evidence to show a special deposit in the strict sense of that term. It is questionable, we think, if there was any evidence so far rebutting the presumption of a general deposit as to raise an issue of fact as to whether the deposit was one for a specific purpose. But, conceding there was, we believe it must be held that there was ample evidence to support the trial court's conclusion of fact that the deposit was a general one, and therefore not a deposit for a specific purpose. What, according to any evidence when given the fullest credence, was the bank required to do with the deposit different from what it was under obligation to do if it was a general deposit? There was no evidence that the bank was to do otherwise than pay plaintiff money up to the amount of the deposit when and as called for. Evidence of the express purpose or intention that it would not be called for until a time dependent upon the happening of certain contingencies was no evidence to show that plaintiff did not have the right to demand payment of the deposit at any time. There was no evidence

of any particular purpose for which the deposit was to be made, which purpose was of such nature that, in the use of the deposit for such purpose, the bank could act solely in the capacity of agent for plaintiff. In paying the amount of the deposit to plaintiff, the bank would be acting for itself. Plaintiff, in receiving such payment, would be acting for himself. It would be an anomaly to say that plaintiff in such case would by his agent pay himself the amount of the deposit. He could not be both the payor and payee. For this and other reasons, the conclusion is that the specific purposes for which a deposit may be a deposit for specific purposes do not include such as the evidence in this case tends to show.

■ We are of the opinion that the rights of the parties as reflected by the record are in no wise affected by the provisions of R. S. 1925, art. 6243. Said provision is the last article of R. S. 1925, title 109, relating to Pensions. The provision is: "No amount awarded to any person under the provisions of *this law* (italics ours) shall be liable for the debts of any such person; shall not be assignable and shall be exempt from garnishment or other legal process." The italicized words "this law," as the provision was originally enacted, referred to Acts 1919, p. 10, c. 10, relating to city pensions to firemen and policemen (R. S. 1925, arts. 6229 to 6243, inclusive). If it had been the legislative intent to so change the law as to extend that provision to pensions of Confederate veterans, it is reasonable to suppose that, instead of the words "this law," there would have been substituted "this title," or words to that effect. Besides, if the provision should be construed as applying to Confederate pensions, it would not operate, we think, to give a deposit of such any right of priority in payment. Theoretically, the dividends which will be received from such a deposit represent the amount of the deposit remaining on hand when the bank became insolvent. In no just sense, we think, can it be said that the remainder of the deposit has been subjected to the debts of the plaintiff, or subjected to garnishment, or other legal proceedings, or has been assigned within the meaning of any of the prohibitions of said statute.

We accordingly conclude that the judgment of the court below should be affirmed, and it is so ordered.