Walter JANNER, Appellant,

v.

C. H. LANGDEAU, Receiver of U. S. Trust & Guaranty Co., Appellee.

No. 10603.

Court of Civil Appeals of Texas.

Austin.

Oct. 29, 1958.

Rehearing Denied Nov. 26, 1958.

Tisinger & Sloan, Austin, for appellant.

Byron Lockhart, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment denying appellant the relief prayed for, and one classifying and approving appellant's cause of action as a general unsecured claim in the sum of $10,000, against the combined receivership estate of U. S. Trust and Guaranty Company and U. S. Automobile Service, and ratifying the action of appellee in so classifying and approving said claim.

Appellant's cause of action is alleged to be based on: (1) Equitable title to the funds held by appellee arising from an express trust agreement entered into by and between appellant and the officer of the Trust Company. On December 10, 1955, appellant delivered his check for $10,000 payable to the Trust Company and received in return an Official Trust Receipt; such check was deposited in an Austin bank by the Trust Company and appellant seeks to terminate the trust and a return of the funds; (2) in the alternative appellant urged that he was induced to deliver the funds by false representations of the officers of the Trust Company to the effect that the company was in a sound financial condition, when in fact such officers knew the company was then insolvent; (3) In the further alternative appellant claims that the receiver of the company has no legal right to retain his property, in that the contract between the company and appellant at the time the receiver was appointed was still executory.

The case was tried before the Court on stipulation of fact.

The appeal is founded on six assignments of error and are to the effect that rendition of the judgment was contrary to the undisputed evidence that the funds are held under an express trust agreement; and is contrary to the undisputed evidence tracing the funds held by appellee as being the proceeds of the original property delivered by appellant to be held in trust; that appellant was induced to deliver the property by the fraudulent misrepresentations of the officers of the company regarding the financial condition of the company; that the pleadings and the evidence required the exercise of the equitable jurisdiction of the Court; that the unconditional possession of the funds came into the hands of the appellee after appellee had duly qualified as receiver and after constructive notice of the insolvency of the company; that the undisputed evidence was that the company never had unconditional possession of the funds prior to the date of the order appointing appellee receiver.

Appellee has counter points to the effect that the agreement between appellant and the U. S. Trust was not one of express trust, but one of general deposit and did not create the relation of constructive trust, and the funds have not been traced

in the hands of the receiver; that the rights of the Trust and appellant were fixed prior to receivership.

The agreement was reduced to writing on December 10, 1955, at which time the Trust Company was a going concern. Upon receipt of appellant's check for $10,000 the Trust issued and delivered its "Official Trust Receipt" and a series of "Certified Drafts" aggregating $10,000 were to be delivered as soon as they were imprinted. We believe the contract was one of general deposit and the relation of debtor-creditor was created.

Appellant says the Trust was permitted "to act as Trustee" but this is only one of the charter powers, including the right to act as a guardian and to do a general depository business.

It is apparent to us that the Trust relationship was to hold in trust for appellant the "Certified Drafts," and then at the option of appellant, the drafts were mailed by appellant and received in due course of mail after the receivership proceedings. As a general depositor appellant was an unsecured general creditor of the Trust Company. 6 Tex.Jur. 225, Banks, Pars. 95, 97 and 98; Shaw v. Davidson, Tex.Civ. App., 19 S.W.2d 789, no writ; Hays v. Shaw, Tex.Civ.App., 69 S.W.2d 807, no writ.

The certified checks were written promises by the Trust Company to pay out of its funds on demand the face thereof with interest. 10 C.J.S. Bills and Notes, § 5, pp. 409, 410; Negotiable Instruments Act, Art. 5936, Sec. 60, Vernon's Ann.Civ.St.

Then too, the fact that the deposit was to bear interest it is plain that there was no intention that the proceeds be held in trust for appellant.

Appellant takes the position that there was fraud in connection with the solicitation of his deposit and that equity will impress a trust upon the same, and

that he is entitled to the return of his deposit.

The words "Trust" and "Company" have been used by us to designate the U. S. Trust & Guaranty Co. in an effort to shorten this record, and have no other meaning.

The appellant does not bring himself under the rule of constructive trusts.

The rule is set out in 6 Tex.Jur. 241, 242.

The *res* which passed to the Trust Company was appellant's check, at which time he was a general depositor of the Moore State Bank, and the relationship of debtor and creditor and the title to the funds was in the bank and not in the appellant. 6 Tex.Jur. 224, 231; Article 5947, Sec. 185 of the Negotiable Instruments Act.

The case of Austin v. Lacy, Tex.Civ. App., 2 S.W.2d 876, er ref., in many respects, factually is similar to the instant case.

We do not believe that appellant was able to trace and identify his funds in the hands of the receiver. True the deposit augmented the Trust Company's funds but that is not sufficient.

In the case of Tyler County State Bank v. Shivers, Tex.Com.App., 6 S.W.2d 108, this issue was discussed and disposes of the right of one to have a lien upon the augmented assets.

Sec. 2(c) of Article 21.28 of the Texas Insurance Code, V.A.T.S., recites the rights and liabilities of an insurer and of its creditors.

We have given consideration to all cases cited by appellant but we do not believe them to be controlling.

The rights of the Trust and appellant were fixed prior to the receivership and the dates of such transaction have been hereinabove set out. 9 C.J.S. Banks and Banking § 245, p. 501; State ex rel. Percy v. Cox, 325 Mo. 938, 30 S.W.2d 46; Peoples Bank v. McDowell Nat. Bank, 307 Pa.

247, 161 A. 203; Art. 5941, Secs. 136 and 137, Negotiable Instruments Act, V.A.C.S.

The judgment of the Trial Court is affirmed.

Affirmed.

HUGHES, J., not sitting.