CITIZENS NATIONAL BANK OF DALLAS, Petitioner,

v.

Larry HILL and I. H. Lawson; Respondents.

No. B–4104.

Supreme Court of Texas.

Jan. 30, 1974.

Rehearing Denied Feb. 28, 1974.

Akin, Gump, Strauss, Hauer & Feld, Henry D. Akin, Dallas, for petitioner.

Woodruff & Smith, Stephen E. Hulme, Dallas, for respondents.

REAVLEY, Justice.

Larry Hill and I. H. Lawson transmitted funds to Citizens National Bank of Dallas for credit to an account owned by Wayne Cook Associates, Inc. The money was intended by Hill and Lawson to be used for a loan to Skidmore-Crooke Manufacturing Company, but Wayne Cook withdrew the money from the account and used it for other purposes. By their suit, at this stage, Hill and Lawson seek to recover from Citizens National Bank. The trial court entered judgment n. o. v. for the bank on the ground that no liability was proved against it and thus the bank had been entitled to a directed verdict. The Court of Civil Appeals held that under the evidence and findings of the jury the deposits of Hill and Lawson were special deposits which the bank was obligated to restrict solely for purpose of a Skidmore-Crooke loan. 495 S.W.2d 615. We agree with the trial court.

Hill and Lawson had no accounts or previous relations with Citizens National Bank. They made no direct contact with that bank in placing the disputed funds there but instructed their banks in Nederland and Beaumont to wire credit instructions through other Dallas banks. Citizens National Bank received the following credit note from Mercantile National Bank at Dallas: "Due to Bank Credit: Citizens National Bank, Dallas, Texas. As per our phone advice today for credit and advice Wayne Cook Associates Trust Account by

order of Larry J. Hill for Skidmore Crook loan as requested by Nederland State Bank, Nederland, Texas: $10,000." Citizens National Bank also received the following credit note from Republic National Bank of Dallas: "We credit your account $10,000. Confirming telephone instructions for account of Wayne Cook and Associates Trust Account for loan to Skidmore Crook Manufacturing Co. until sale on or about Feb. 20, 1970."

The record contains no further information about the telephone communications mentioned in the credit notes. Consequently, the only basis for charging Citizens National Bank with liability to Hill and Lawson is the above quoted text of the notes or advices. The plaintiffs .argue, and the Court of Civil Appeals has held, that Citizens National Bank was required to handle these funds specially to insure that they were used for the specific purpose because the purpose was disclosed to the bank by the credit notes.

Wayne Cook, who had business relations with Hill and Lawson, conducted auctions of various equipment and properties. He had two accounts with Citizens National Bank designated "Wayne Cook Associates, Inc." and "Wayne Cook Associates, Inc. Trust Account." Cook himself could draw from either account, and he did so to deplete the funds deposited by Hill and Lawson. Cook's liability to them has been determined at the earlier stage of this litigation.

A "special deposit" is the traditional designation of the bailment or agency or trust whereby the bank keeps or transmits identical property or funds entrusted to it. The usual creditor-debtor relation does not arise. Hudnall v. Tyler Bank and Trust Company, 458 S.W.2d 183 (Tex.1970); Linz v. Eastland County, 39 S.W.2d 599 (Tex.Comm.App.1931); First Nat.˚ Bank of Ranger v. Price, 262 S.W. 797 (Tex. Civ.App.1924, no writ); Young v. Bundy, 158 S.W. 566 (Tex.Civ.App.1913, no writ); McBride v. American Ry. & Lighting Co., 127 S.W. 229 (Tex.Civ.App.1910, no writ).

It has been said by Texas courts that an agreement between depositor and bank upon the use of deposited funds for a specific purpose establishes that the funds constitute a special deposit. See First State Bank & Trust Co. v. First Bank of Truscott, 32 S. W.2d 494 (Tex.Civ.App.1930, writ ref'd); City State Bank v. National Bank of Commerce, 261 S.W.2d 749 (Tex.Civ.App.1953, writ ref'd n. r. e.); Narrell v. First Nat. Bank of Temple, 241 S.W.2d 361 (Tex. Civ.App.1951, no writ); Hays v. Shaw, 69 S.W.2d 807 (Tex.Civ.App.1934, no writ); Cotulla State Bank v. Herron, 191 S.W. 154 (Tex.Civ.App.1917, no writ). It would not be necessary to treat every case of an agreement upon the use of the funds to be a case of a special deposit in order to hold the bank to its agreement. Even though the bank were only a debtor, assuming its solvency, it still could be required to perform its contractual duty to the depositor and to pay the funds only for the special purpose as agreed. See Meador v. Rudolph, 218 S.W. 520 (Tex.Civ.App. 1919, writ dism'd); 5 Scott, The Law of Trusts § 530 (1967); 1 Restatement (Second) of Trusts § 12(l) (1959). It has been held, however, that a trust may be impressed upon special purpose funds as in the case of any special deposit. Shaw v. McCord, 18 S.W.2d 200 (Tex.Civ.App.1929, no writ).

Funds placed with a bank ordinarily become general deposits which create a debtor-creditor relationship between bank and depositor. The burden is upon one who contends that the bank is his trustee or owes a duty to restrict the use of the funds for certain purposes. It must be shown that the bank agreed to that obligation. Hudnall v. Tyler Bank and Trust Company, 458 S.W.2d 183 (Tex.1970). If the agreement of the bank is to be implied by its acceptance of a deposit with the limitation stated on the deposit slip, the writing should set forth by clear direction what the bank is required to do. 5B Michie on Banks and Banking § 331 (1950); Annot., 86 A.L.R. 375 (1933).

The wording of the credit advices to Citizens National Bank did not direct that the bank control the disposition of these funds. A trust is indicated, but the trustee would seem to be Wayne Cook rather than the bank. The funds were directed into the general deposit account of Cook by Hill and Lawson. The bank officers could have reasonably construed the wording of the credit advice relative to the Skidmore-Crooke loan as either stating a personal designation by Hill and Lawson for their own purposes or indicating the fiduciary obligation of Wayne Cook to them. The bank owed no duty to Hill and Lawson to police the Cook account to inquire as to whether Cook owed them a fiduciary obligation and, if he did, whether he applied the funds as he was obliged to do. Quanah, A. & P. Ry. Co. v. Wichita State Bank & Trust Co., 127 Tex. 407, 93 S.W.2d 701 (1936).

The judgment of the Court of Civil Appeals is reversed; the judgment of the trial court is affirmed.