

# The Attorney General of Texas

July 23, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin. TX. 78711
512/475-2501

701 Commerce. Suite 200
Dallas. TX. 75202
214/742-8944

4824 Alberta Ave.. Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave.. Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway. Suite 312
Lubbock. TX. 79401
806/747-5238

4309 N. Tenth. Suite B
McAllen. TX. 78501
512/682-4547

200 Main Plaza. Suite 400
San Antonio. TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Warren G. Harding
Treasurer of the State of Texas
L.B.J. Building
Austin, Texas

Opinion No. MW-213

Re: Whether the Comptroller may initiate direct deposit procedures for payroll warrants by magnetic tape transfer service

Dear Mr. Harding:

You have requested our opinion regarding the direct deposit of payroll warrants issued to state employees. The Comptroller has announced his intention of initiating magnetic tape transfer service to Austin banks for direct deposit of payroll warrants issued to employees of his office. You ask a number of questions regarding this practice, and variations thereof.

Initially, we note that an individual is at liberty to designate a bank as his agent for collection purposes. A bank is expressly empowered:

> to act as [a] fiscal agent or transfer agent and in such capacity to receive and disburse money and to transfer registered and countersigned certificates of stock, bonds or other evidences of indebtedness.

Article 342-301(b), V.T.C.S. See Citizens National Bank of Dallas v. Hill, 505 S.W. 2d 246 (Tex. 1974). Furthermore, the bank, as agent, is empowered to endorse the warrant on behalf of the individual:

> An indorsement must be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto as to become a part thereof.

Section 3.202(b), Texas Business & Commerce Code.

> A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.

Section 3.403(a), Texas Business & Commerce Code.  Thus, the Comptroller would clearly be authorized, at the instruction of a state employee, to transfer the employee's pay warrant directly to his designated bank.  The bank, acting as the employee's agent, would then deposit the warrant in his account.

We also believe that article 4350, V.T.C.S., contemplates the issuance of the warrant directly to the employee's designated bank:

> No warrant shall be issued to any person indebted or owing
> delinquent taxes to the State, or to his agent or assignee, until
> such debt or taxes are paid.

(Emphasis added).  See also Acts 1979, 66th Legislature, chapter 843, at 2606, (Comptroller authorized to transfer appropriation authority and cash to reimburse cost of direct deposit of state employees' claims).  At the direction of the employee, the Comptroller may issue the employee's pay warrant to his agent bank, and transfer the warrant directly to that bank.

You next inquire about the issuance of a single pay warrant covering multiple employees, all of whom designate a particular bank as their depository.  In our opinion, such a procedure would thwart the Comptroller's ability to comply with various statutes.  Article 4358, V.T.C.S., for example, requires that different classes of pay warrants be printed on specific colors of paper and that the warrants be "serially numbered."  Certain information must be furnished on the warrant, including designation of both the appropriation and the fund from which the warrant is to be drawn, and the initials of the person in the Comptroller's office comparing the warrant with the claim.  Article 4365, V.T.C.S., provides for the issuance of duplicate warrants in certain cases.  We believe the thrust of these statutes is clear:  The Comptroller must issue individual warrants to, or on behalf of, every employee receiving a salary.  We note that your question and our response are restricted to the issuance of single payroll warrants covering multiple employees.  We do not suggest what result might attach to different fact situations.

The transfer of payroll warrant information on magnetic tape would also pose problems regarding the requirement of individual warrants.  In our opinion, articles 4358 and 4365 contemplate not merely individual warrants but "warrants" within a rather narrow range of meaning.  The use of serial numbering and colored paper, and the provision for duplicates are not concepts readily applied to magnetic tape.  It is possible that the Comptroller might furnish the bank with a magnetic tape reflecting the information contained on the individual warrants written for each employee, but he is not authorized to issue pay warrants by transfer of information solely on magnetic tape.  Although the statute does not contemplate the technological advances which would facilitate the processing of the state's payroll, it must be amended by the Legislature if the state is to take complete advantage of available innovations.

Finally, you ask about any liability you might incur by participating in any of the described practices.  As we have indicated, a direct deposit procedure is not in itself in conflict with the statute, so long as the warrants are individually issued and conform to the traditional concept of a "warrant."  If, however, the Treasurer participates in the issuance of warrants by transfer of information on magnetic tape, or those covering multiple employees, we believe he might subject himself to liability.

Article 4371, V.T.C.S., prohibits the payment of any money out of the Treasury "except on the warrants of the Comptroller." We believe such warrants must be valid on their face in order to avoid the statutory prohibition. If they fail prima facie to comply with statutory requirements, they are invalid, and the Treasurer may not rely on them as the basis for the payment of any money. In addition to liability on his bond, under article 6003b, V.T.C.S., the Treasurer might also be in violation of article 4388a, V.T.C.S., which provides:

> Any person who shall knowingly and willfully violate any provision of this Act shall be deemed guilty of a misdemeanor, and upon conviction, shall be punished by a fine of not less than Fifty Dollars ($50.00) nor more than Five Hundred Dollars ($500.00) or by imprisonment in the county jail for not less than 30 days nor more than six months, or by both such fine and imprisonment.

## SUMMARY

The Comptroller is authorized, at the instruction of a state employee, to transfer the employee's pay warrant directly to his designated bank for deposit in his account. Again, at the employee's direction, the Comptroller may issue the employee's pay warrant in the name of his agent bank and transfer it directly to the bank. The Comptroller may not issue a pay warrant covering multiple employees, and he may not issue warrants solely by means of magnetic tape.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Susan Garrison
Paul Gavia
Rick Gilpin
Tom Pollan
Mitch Winnick