

# The Attorney General of Texas

March 16, 1981

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Bullock
Comptroller of Public Accounts
LBJ State Office Building
Austin, Texas 78774

Opinion No. MW-304

Re: Collection of warrants for a city's share of sales and use tax revenues

Dear Mr. Bullock:

You have requested our opinion regarding the collection of warrants for a city's share of the sales and use tax. Pursuant to article 1066c, V.T.C.S., the comptroller is required quarterly to remit to each municipal corporation which imposes the one percent sales and use tax its portion of revenue collected. In order to avoid the delays resulting from use of the mails, several municipalities have appointed an Austin bank as their agent for purposes of collecting the warrants from the comptroller, presenting them to the state treasurer for payment, and transmitting the funds collected to each city's depository bank. The state treasurer has refused to honor such warrants endorsed by the bank. You first ask whether a city may appoint an Austin bank as its agent for the purpose of collecting its allocation of local tax revenues.

It is well established that a home rule city may exercise any power not prohibited by the constitution or by statute, Bland v. City of Taylor, 37 S.W.2d 291 (Tex. Civ. App. — Austin 1931), aff'd, 67 S.W.2d 1033 (Tex. 1934), so long as such power is expressly granted or implied in its charter, or is necessary "to make effective the objects and purposes of the [municipal] corporation." Amstater v. Andreas, 273 S.W.2d 95, 97 (Tex. Civ. App. — El Paso 1954, writ ref'd n.r.e.). See City of Corpus Christi v. Unitarian Church, 436 S.W.2d 923, 927 (Tex. Civ. App. — Corpus Christi 1968, writ ref'd n.r.e.). See also article 1175, V.T.C.S.

A bank, on the other hand, is expressly empowered:

> [t]o act as a fiscal agent or transfer agent and in such capacity to receive and disburse money and to transfer registered and countersigned certificates of stock, bonds or other evidences of indebtedness.

Article 342-301(b), V.T.C.S. See Citizens National Bank v. Hill, 505 S.W.2d 246 (Tex. 1974). In our opinion, it is clear that a home rule city, unless

prohibited by its charter, may appoint an Austin bank as its agent for the purpose of collecting its allocation of local tax revenues.  Likewise, the appointee bank is not prohibited from acting in such capacity.

Furthermore, the bank, as agent, is empowered to endorse the warrant on behalf of the city:

> An indorsement must be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto as to become a part thereof.

Section 3.202(b), Texas Business & Commerce Code.

> A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation.  No particular form of appointment is necessary to establish such authority.

Section 3.403(a), Texas Business & Commerce Code.

You also ask whether the transmittal of the allocated tax revenues by the Austin bank to the city depository bank would constitute branch banking by the depository bank in contravention of article XVI, section 6 of the Texas Constitution.  We note that the funds are not deposited in the Austin bank, but instead are merely sent to the depository bank in another city by wire transfer.  See First National Bank v. Dickinson, 396 U.S. 122 (1969); Jackson v. First National Bank, 430 F.2d 1200 (5th Cir. 1970).  From the facts you have stated, the agreement is clearly between the city and the Austin bank, and it cannot be said that the Austin bank is acting as a branch or representative of the city depository bank.  So long as the latter is not a party to that agreement, we do not believe that any question of branch banking would arise.

## SUMMARY

> Unless its charter provisions prohibit its doing so, a home rule city may appoint an Austin bank as its agent for the purpose of collecting its allocation of sales and use tax revenues.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
David B. Brooks
Bob Gammage
Rick Gilpin
C. Robert Heath
Tom Pollan