**PENNZOIL COMPANY, Appellant,**

v.

**SOUTHWEST BANK OF SAN ANGELO, Appellee.**

No. 3–88–096–CV.

Court of Appeals of Texas, Austin.

Aug. 9, 1989.

Rehearing Denied Sept. 13, 1989.

Stephen E. Ulrich, Ulrich and Ulrich, Houston, for appellant.

Craig Porter, Shannon, Porter & Johnson, San Angelo, for appellee.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

ABOUSSIE, Justice.

Appellant Pennzoil Company (Pennzoil) brings a limited appeal from a judgment notwithstanding the verdict granted in favor of appellee Southwest Bank of San Angelo (the Bank). We will affirm the judgment.

The subject of this litigation is $119,-630.00 Pennzoil sent to the Bank by wire transfer on April 26, 1985, to be deposited in a demand deposit account of oil and gas lease brokers Jones & Lyons, Inc. Pennzoil intended that Jones & Lyons use the funds for bonus consideration on twelve leases on behalf of Pennzoil. The funds

were accompanied by the following wire transfer message from Pennzoil's agent bank, Texas Commerce Bank–Houston:

TEX COM HOU/WIRE TRANSFER ...
SOUTHWEST SANANGEL/SOUTHWEST BANK SAN ANGELO TEXAS
JONES AND LYONS ACCT# 114–170
REF; BONUS CONSIDERATION ON 12 LEASES
B/O PENNZOIL PRODUCING CO ....

Pennzoil sent no other information regarding the funds and the Bank deposited them in the Jones & Lyons account. Jones & Lyons subsequently disbursed the funds for other purposes. Pennzoil brought suit against Jones & Lyons, Kenneth and William Lyons, and the Bank alleging several grounds for recovery, including conversion and civil conspiracy.

At the close of evidence, the jury was asked whether the funds in question were a trust deposit, having been deposited for the sole purpose of paying the bonus consideration on the leases. The trial court gave the jury the following instructions regarding a trust deposit:

> For the deposit to be a trust deposit as to [the Bank] you must find by a preponderance of the evidence that PENNZOIL caused the deposit to be placed in the account for the sole purpose of paying bonuses on the specified oil and gas leases; AND you must find from a preponderance of the evidence that there was an agreement between PENNZOIL COMPANY and the [Bank], and that PENNZOIL made such a deposit pursuant to such agreement and with clear, unambiguous instructions ... as to the application of the deposit. Essential elements of a trust deposit are that such purpose was communicated to [the Bank], and that [the Bank] must have agreed that the money should be held in trust for the sole purpose of paying bonuses on the such [sic] leases.

Pennzoil did not object to the instruction.

The jury failed to find that a trust deposit agreement existed between Pennzoil and the Bank. The jury was then asked whose negligence, if any, caused Pennzoil's loss of the funds. The jury found that the Bank's negligence proximately caused the loss of the funds.

Upon the return of the jury's answers, the Bank moved to disregard the negligence finding. The Bank argued that the jury's failure to find that a trust deposit existed meant that, as a matter of law, the Bank had no duty to Pennzoil. The trial court agreed and entered judgment that Pennzoil take nothing from the Bank, notwithstanding the jury's verdict.

In its sole point of error, appellant complains the trial court erred in disregarding the jury's answers on negligence and entering judgment notwithstanding the verdict in favor of the Bank "because the Bank owed a duty to exercise ordinary care in this transaction and sufficient evidence supported the jury's verdict that the Bank's sole negligence proximately caused loss of the funds in question."

The Texas Supreme Court set out the law applicable in this case in *Citizens National Bank of Dallas v. Hill*, 505 S.W.2d 246 (Tex.1974). The Court held:

> A "special deposit" is the traditional designation of the bailment or agency or trust whereby the bank keeps or transmits identical property or funds entrusted to it. The usual creditor-debtor relation does not arise. It has been said by Texas courts that an agreement between depositor and bank upon the use of deposited funds for a specific purpose establishes that the funds constitute a special deposit. It would not be necessary to treat every case of an agreement upon the use of the funds to be a case of a special deposit in order to hold the bank to its agreement. Even though the bank were only a debtor, assuming its solvency, it still could be required to perform its contractual duty to the depositor and to pay the funds only for the special purpose as agreed. It has been held, however, that a trust may be impressed upon special purpose funds as in the case of any special deposit.

> Funds placed with a bank ordinarily become general deposits which create a debtor-creditor relationship between bank and depositor. The burden is upon

**460**

one who contends that the bank is his trustee or owes a duty to restrict the use of the funds for certain purposes. It must be shown that the bank agreed to that obligation. If the agreement of the bank is to be implied by its acceptance of a deposit with the limitation stated on the deposit slip, the writing should set forth by clear direction what the bank is required to do.

*Citizens National Bank of Dallas,* 505 S.W.2d at 248 (citations omitted); *see Citizens First National Bank of Tyler v. Cinco Exploration Co.,* 540 S.W.2d 292 (Tex. 1976).

We hold that the trial court correctly rendered judgment notwithstanding the verdict in favor of the Bank. Pennzoil failed to establish that the funds sent for deposit in the Jones & Lyons account were a trust deposit. Indeed, the Bank had no authority to decline payment on demand without giving rise to other liability. Pennzoil's writing to the Bank failed to set forth by clear direction its intent that the funds only be disbursed as bonus payments on certain leases. Pennzoil offered no evidence that the Bank officers should reasonably have construed "REF; BONUS CONSIDERATION ON 12 LEASES B/O PENNZOIL PRODUCING CO" as a direction that the expenditure of these funds was to be restricted.[1] Appellant's sole point of error is overruled.

The trial court properly rendered a take-nothing judgment based upon the jury's answers and, as a matter of law, properly disregarded the negligence issue. The judgment of the trial court is affirmed.

---

**1.** Pennzoil's representative testified that he interpreted "B/O" to mean "for the benefit of" Pennzoil. The Bank's representative testified that he interpreted "B/O" to mean "by order of" Pennzoil.